Gilberto ARREDONDO, Plaintiff,

v.

**LAREDO MUNICIPAL TRANSIT
SYSTEM, Defendant.**

Civ. A. No. L–82–17.

United States District Court,
S.D. Texas,
Laredo Division.

Jan. 6, 1984.

Francis P. Maher, Laredo, Tex., for plaintiff.

Ben F. Foster, Jr., and Robert E. Bettac, San Antonio, Tex., for defendant.

## MEMORANDUM OPINION

KAZEN, District Judge.

Plaintiff Gilberto Arredondo brings this action under 42 U.S.C. § 1983 arising from his dismissal as a supervisor with Defendant Laredo Municipal Transit System on March 9, 1981. Arredondo alleges that he was dismissed because his employer believed that he had attended some union meetings and because the employer was "dissatisfied with some of the answers they had obtained from Plaintiff when the management of Defendant interrogated Plaintiff regarding his attendance at the so-called union meetings." Plaintiff denies that he had attended any union meeting

but had "simply attended certain social gatherings, the same as he had been attending since his employment in 1976, on his off-duty hours." Plaintiff's Complaint, Para. 7. Arredondo alleges that his discharge violated his rights under the First, Fourth, Fifth, Sixth, Ninth, Tenth, and Fourteenth Amendments.

Defendant has moved to dismiss or in the alternative for summary judgment for lack of subject-matter jurisdiction. Since the motion contains both a facial and factual attack, the Court has not only looked to the affidavits and attached documents submitted by the parties, but has also conducted an evidentiary hearing on the issue. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507 (5th Cir.1980). Based on the totality of the evidence, the Court concludes that the Plaintiff has failed to prove the requisite subject-matter jurisdiction; specifically, the Court concludes that the necessary element of state action is missing here.

At the outset, the Court notes some confusion as to the proper Defendant in this case. Plaintiff has sued "Laredo Municipal Transit System". Apparently there is no such legal entity. The answer and motion were filed by Transit Management Company of Laredo, d/b/a Laredo Municipal Transit System. Plaintiff seemingly concedes that Transit Management Company of Laredo ("Transit") is the proper Defendant here. Transit is a for-profit corporation organized under Texas law and is a wholly-owned subsidiary of ATE Management and Service Company Incorporated, a Delaware corporation. The City of Laredo and ATE entered into a contract in which ATE was to provide management services for the operation of the municipal transit system owned by the City. Pursuant to the contract, ATE assigned all its rights and delegated all its duties under the management contract to Transit. Under the contract the City paid Transit a fixed monthly fee for providing management services to the City. The fee is not based on any percentage of the revenues or surplus income flowing from the system. By the terms of the contract, all revenues derived from the operation of the transit system are the absolute property of the City. All real estate, buildings, equipment and supplies used in operating the transit system are the property of the City. Funding for the system is supplied wholly from governmental sources.

In its motion, Transit contends that there was no state action involved in its decision to discharge Plaintiff. The ultimate issue is whether the alleged infringement of Arredondo's rights is fairly attributable to the state. *See e.g. Lugar v. Edmonson Oil Company*, 457 U.S. 922, 939, 102 S.Ct. 2744, 2755, 73 L.Ed.2d 482 (1982). If the action of Transit is not state action, the Court's inquiry ends. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 2770, 73 L.Ed.2d 418 (1982). Moreover "in cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Id.* 457 U.S. at 838, 102 S.Ct. at 2770 quoting *United States v. Price*, 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 1157 n. 7, 16 L.Ed.2d 267 (1966). By "sifting facts and weighing circumstances" in each case, a Court deciding the state action question must distinguish the exercise of governmental power from benign or tangential government involvement. *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961).

In two recent cases, the Supreme Court has thoroughly discussed the state action requirement in cases involving government-regulated, publicly-funded private entities which perform public services. In *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982), the Court held that state funding and associated regulation of a private school for troubled youths did not render the school's personnel decisions state action, absent evidence of state influence or control over these decisions. 457 U.S. at 839–843 & n. 6, 102 S.Ct. at 2770–2772 & n. 6. In *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), the Court held that

state funding and associated regulation of nursing homes was insufficient to establish state action in the nursing homes' patient care decisions, absent a showing of government involvement in those decisions. 457 U.S. at 1002–1012 & n. 19, 102 S.Ct. at 2784–2789 & n. 19. In both of these cases, the facts and circumstances suggested that although the private entities were funded and regulated by the government, they did not exercise governmental power so as to be subject to constitutional constraints.

In the instant case, there is no allegation or evidence that the City of Laredo exercised any meaningful influence or control over Transit's challenged personnel decision. Although the government supplied virtually all the funding for both the school in *Rendell-Baker* and the nursing homes in *Blum,* it was not responsible for decisions concerning employee discharges or patient transfers. The Court likened those entities to private contractors who performed government construction contracts. Even if these private contractors only performed public contracts, their acts are not those of the government. *Rendell-Baker v. Kohn,* 457 U.S. at 840–41, 102 S.Ct. at 2771. Similarly, the fact that Transit is funded by governmental sources does not make its discharge decision a government act subject to constitutional restraints.

■ Extensive government regulation alone does not compel a finding of state action. "The complaining party must also show that 'there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be freely treated as that of the State itself.'" *Blum v. Yaretsky, supra,* 457 U.S. at 1004, 102 S.Ct. at 2786, *quoting Jackson v. Metropolitan Edison Company,* 419 U.S. 345, 350, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). Although both state and federal regulation encouraged nursing homes to transfer patients to less expensive facilities when appropriate, the court did not attribute to the state the actual decision to transfer. *Blum v. Yaretsky,* 457 U.S. at 1005–08, 102 S.Ct. at 2786–87. Likewise,

the decision to discharge private school personnel was not state action even though the Justice Department had the power to approve persons hired for the plaintiff's position. *Rendell-Baker v. Kohn,* 457 U.S. at 841–42, 102 S.Ct. at 2771–72. Here, the contract between Transit and the City does not require Transit to adopt the City's personnel policies, or indeed any at all. The contract requires that the position of general manager and director of operations and maintenance be filled subject to the City's approval. However Transit is given full authority with respect to labor relations, labor contract negotiations and hiring of employees. Moreover the contract explicitly deems Transit to be the employer of all employees necessary for the system. The evidence discloses no city regulation that would have compelled Plaintiff's discharge, either in the form of an express command, or an implied power or approval of Transit's actions by the City. On the contrary, the evidence conclusively shows that the personnel decision in question was made exclusively by Transit's agents, without the slightest City involvement.

■ Nor does state action exist because Transit performs a public function in providing mass transportation services. "That a private entity performs a function which serves the public does not make its acts state action." *Rendell-Baker v. Kohn,* 457 U.S. at 842, 102 S.Ct. at 2772. The question is whether the function performed has been "traditionally the exclusive prerogative of the state." *Id.* (Citations omitted). The providing of mass transportation systems is not an "exclusive prerogative" of the City of Laredo. *See United Transp. Union v. Long Island R.R.,* 455 U.S. 678, 102 S.Ct. 1349, 71 L.Ed.2d 547 (1982); *Alewine v. City Council of Augusta, Ga.,* 699 F.2d 1060 (11th Cir.1983). Thus there is no state action under this test.

■ Plaintiff's effort to establish state action rests almost entirely on the undisputed fact that the City owns all the physical facilities involved in the operation of the transit system. Admittedly, this fact distinguishes the instant case from *Rendell-Baker* and *Blum.* Nevertheless, in each of those cases, the state contributed over 90%

of the operating budget of the entity in question and yet no state action was found. The Court focused on the decision-making process rather than on the financial arrangements. Thus, in *Blum*, the court emphasized that constitutional standards are invoked "only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." 457 U.S. at 1004, 102 S.Ct. at 2786. While the transit system is owned by the City, it is managed by a privately owned corporation which is given free reign on employment decisions such as that of which this Plaintiff complains. The City could be held responsible "only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* No such coercive power or encouragement by the City is shown here. At the hearing, Plaintiff also urged that Transit enjoyed a monopoly on public transportation in the city. This fact, even if true, is likewise not probative of state action. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974).

As legal authority for his position, Plaintiff relies solely on *Burton v. Wilmington Parking Authority, supra,* a case decided over twenty years ago. There, although finding state action on the part of a state's private lessee, the court cautioned that "the conclusions drawn from the facts and circumstances of this record are by no means declared as universal truths on the basis of which every state leasing agreement is to be tested" and that the ultimate question must be decided "only in the framework of the peculiar facts or circumstances present." 365 U.S. at 725–26, 81 S.Ct. at 862. Accordingly, in *Rendell-Baker*, the court explained that the key to *Burton* was the fact that the state was profiting financially as a result of the racial discrimination of which that plaintiff complained. Here, there is no comparable evidence linking the City of Laredo to Transit's employment decisions. Instead, as in *Rendell-Baker*, Transit's relationship with the City appears no different "from that of many contractors performing services for

the government." 457 U.S. at 843, 102 S.Ct. at 2772.

The facts here are more akin to those in *Lubin v. Crittenden Hospital Association*, 713 F.2d 414 (8th Cir.1983). There, the Hospital Association was a private, non-profit corporation operating a hospital located on county land and in a county-owned building. It was funded by a local hospital tax and also received federal funds. The Association operated under a lease giving it "full and complete charge of the managment and operation" of the hospital. Plaintiff doctor complained that disciplinary action taken against him by the Association trustees deprived him of due process. Dismissal of his complaint for lack of subject-matter jurisdiction, specifically lack of state action, was affirmed.

In conclusion, although the City owns and finances the transit system, there is no showing that the City exercised any meaningful influence or control over Transit's personnel decisions. The facts of this case thus fall within the ambit of *Rendell-Baker* and *Blum*. Accordingly, the Court finds no state action. Defendant's motion is GRANTED and Plaintiff's complaint under § 1983 will be DISMISSED.