Frederick JACKSON, administrator of the Estate of Craig Jackson deceased, and as his next of kin and on behalf of his immediate family members; Plaintiffs,

v.

The CITY OF CHICAGO, a municipal corporation, Richard J. Breczek, and other John Does who are or were Chicago Police Officers, and whose identities are presently unknown to plaintiffs; all individually and in their official capacities, Defendants.

No. 85 C 7913.

United States District Court, N.D. Illinois, E.D.

Oct. 24, 1986.

Letvin & Stein, Harvey M. Grossman, Roger Baldwin Foundation of ACLU, Chicago, Ill., for plaintiffs.

Judson H. Miner, Acting Corp. Counsel, City of Chicago, by Robert W. Fioretti, Ira M. Kleinmuntz, and Bertina E. Lampkin, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Plaintiff brought this action against several defendants. Plaintiff alleges that

these defendants deprived the decedent of his constitutional rights. Plaintiff seeks relief under 42 U.S.C. § 1983.

Before this Court is defendants' Breczek and City of Chicago's motion to dismiss pursuant to Federal Rule 12(b)(6). For the reasons stated below, this Court holds that plaintiff stated a § 1983 claim and denies defendants' motion to dismiss.

### FACTS

All well-pled facts are considered true for purposes of this motion. On September 15, 1981, decedent Jackson was arrested and brought to a Chicago police station. Wherein, decedent was beaten, deprived of food and denied permission to communicate with relatives. These events occurred while the decedent was being detained in a lockup cell. Later that day, decedent was discovered hanged to death in the lockup cell. Justifiably distraught over decedent's death, plaintiff filed suit and this action ensued.

### DISCUSSION

#### A. City of Chicago

Plaintiff believes that the Complaint states a § 1983 claim against the City of Chicago. The Complaint alleges unknown police officers violated the decedent's constitutional rights while implementing an unconstitutional municipal policy. Moreover, plaintiff contends that the single unconstitutional event presented was sufficient to establish a *Monell* "policy" allegation. This Court agrees.

■ Several requirements must be met to state a claim for municipal liability pursuant to 42 U.S.C. § 1983. First, the complaint must allege that the plaintiff was deprived of a constitutional right. Second, the plaintiff must plead that the constitutional deprivation was caused by a government official acting in accordance with a municipal policy or custom. *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). In addition, boiler-plate assertions of municipal liability, without sufficient factual allegations to support those assertions, do not state a § 1983 claim against a municipality. *Rogers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 202 (7th Cir.1985). Finally, alleging one specific incident of constitutional deprivation and generally alleging that the deprivation resulted from a custom or policy does not constitute adequate pleadings; a plaintiff must allege a specific pattern or series of incidents that support the general allegations. *Hossman v. Blunk*, 784 F.2d 793 (7th Cir.1986). However, § 1983 liability may attach to a single isolated incident of constitutional deprivation where a municipal officer implements a mandated course of action that was deliberately chosen from various alternatives by officers responsible for establishing final policy with respect to the subject matter in question. *Pembaur v. City of Cincinnati*, —— U.S. ——, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

In the instant case, neither party disputes plaintiff's satisfaction of the first pleading requirement. Plaintiff clearly alleged that the decedent was deprived of his constitutional rights.

The fundamental question before this Court is whether plaintiff properly pled the second requirement, that the constitutional deprivation was caused by a government official acting in accordance with a municipal policy or custom. This Court appreciates the difficulty all plaintiffs encounter when, as in this case, the constitutional deprivation resulted from a municipal official's failure to act, rather than resulting from an officer's affirmative action.

■ Those plaintiffs who attempt to establish a custom or policy from an official's failure to act necessarily experience greater difficulty in stating a § 1983 claim. Notwithstanding this difficulty, this Court recognizes the possibility that a municipal official's repeated failure to perform a pre-existing duty may establish a "custom or policy" within the meaning of *Monell v. Department of Social Services*, 436 U.S.

658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, this Court requires more than a conclusory assertion that a municipal officer's breach of his duty caused a constitutional deprivation. This Court believes that the establishment of a *Monell* "policy" generally requires an official to engage in a course of action consciously chosen from among various alternatives. *Alvarez v. City of Chicago*, 633 F.Supp. 1361 (N.D.Ill. 1986). Therefore, where the chosen course of action is an official's inaction, then a "policy" can only be established if the official knew of the constitutional deprivation at issue and consciously chose not to act.

■ In the instant case, plaintiff properly pled the second element of a § 1983 claim, that decedent was deprived of his constitutional rights by a government official acting in accordance with a municipal policy. The Complaint alleges decedent was deprived of his constitutional rights by Police Superintendent Breczek when Breczek chose not to implement procedures and policies that would have prevented people held in lockup cells from committing suicide. Specifically, plaintiff alleges that "Breczek knew ... and tacitly approved of police officers' and detention aides' failure to protect individuals in police lock-ups from committing suicide...." This Court believes that Breczek's alleged knowledge of the situation allowed Breczek to follow a course of action consciously chosen from among various alternatives. Breczek allegedly chose not to respond to the alleged suicide problem.

Finally, this Court finds that Breczek's single action was sufficient to establish a municipal "policy." This Court holds that plaintiff properly pled that Breczek acted in accordance with a municipal policy, despite the Complaint's presentation of a single incident of constitutional deprivation. Normally, a single incident is insufficient to constitute a "policy." However, a single incident of constitutional deprivation resulting from a direct command by a municipal policymaker will satisfy the *Monell* "policy" requirement if the enforcement of that command directly caused the constitutional

violation. *Pembaur v. City of Cincinnati,* —— U.S. ——, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Here, Breczek followed his own "command" because he was an official who was responsible for establishing final policy with respect to the prevention of lockup suicides. Consequently, Police Superintendent Breczek's single isolated decision not to implement a policy preventing suicides in the lockup cells is sufficient to constitute a "municipal policy."

In sum, this Court holds that plaintiff stated a § 1983 claim against the City of Chicago. Plaintiff satisfied both elements of his § 1983 claim. First, plaintiff pled that the decedent was deprived of his constitutional right. Second, plaintiff pled that the constitutional deprivation was caused by a government official acting in accordance with a municipal policy or custom. Accordingly, defendant City of Chicago's motion to dismiss is denied.

### B. Defendant Breczek

A plaintiff is required to plead two requirements to state a claim against a person pursuant to 42 U.S.C. § 1983. First, the Complaint must allege that the plaintiff was deprived of a federally protected right. Second, the person who deprived plaintiff of a federally protected right must have acted under the color of state law. *Gomez v. Toledo*, 446 U.S. 635, 638, 100 S.Ct. 1920, 1922, 64 L.Ed.2d 572 (1980).

In this case, plaintiff sufficiently stated a § 1983 claim against defendant Breczek. Neither party disputes that the Complaint alleges that decedent was deprived of a constitutionally protected right. Similarly, only a minor dispute exists over the satisfaction of the second element of plaintiff's § 1983 claim, that the person who deprived decedent of his federally protected rights acted under the color of state law.

■ The Complaint alleges Breczek deprived decedent of his constitutional rights. The deprivation allegedly resulted from Breczek's conscious decision not to implement any procedures that would alleviate or eliminate the suicide problem among detainees held in police lockups cells. (Com-

plaint, para. 21.) In addition, neither party disputes that Police Superintendent Breczek acted under the color of state law. Consequently, plaintiff stated a § 1983 claim against Superintendent Breczek. Accordingly, defendant Breczek's motion to dismiss is denied.

## CONCLUSION

Plaintiff stated a § 1983 claim against defendants Breczek and the City of Chicago. Accordingly, this Court denies defendants' motion to dismiss.

IT IS SO ORDERED.