**Thomas RAMOS, Plaintiff,**

v.

**The CITY OF CHICAGO, Officers John Doe, William Doe, Edward Doe and Harry Doe and Other Unknown Chicago Police Officers, Defendants.**

**No. 83 C 5889.**

United States District Court,
N.D. Illinois, E.D.

Feb. 8, 1989.

**346**

John J. Casey, Mathewson, Hamblet & Casey, Chicago, Ill., for plaintiff.

## ORDER

NORGLE, District Judge.

Before the court is defendant City of Chicago's ("City") motion to dismiss. *See* Fed.R.Civ.P. 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

Plaintiff alleges he was beaten without provocation by unknown police officers. Moreover, he alleges that this beating was pursuant to the institutionalized practice of the Chicago Police Department at the 9th District Police Station of unlawful and violent behavior toward persons arrested.

The City moves that all counts against it be dismissed pursuant to *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978). The standard in this circuit for stating a claim against a municipality is articulated in *Strauss v. City of Chicago,* 760 F.2d 765 (7th Cir.1985). Plaintiff must allege facts which, if true, tend to support its allegation that a municipal policy exists which could have caused his injury. *Id.* at 769. Boilerplate allegations are insufficient. *Id.* at 768. Thus, allegations that police officers brutalized plaintiff, that the City had a custom or practice of allowing such brutality, exonerating police officers charged with such brutality of fault in its investigations, and continuing to employ police officers despite their histories of civil rights violations, failed to pass the *Monell* hurdle. *Id.*

■ Here, plaintiff alleges, in conclusory terms, that the City ratified violent behavior of police officers by failing to prevent such actions, failing to properly discipline and control employees known to be irresponsible and violent, failing to take adequate precautions in hiring, training, promoting and retaining police personnel; and failing to forward evidence of criminal acts committed by its police personnel. These allegations are the kind of boilerplate allegations which *Strauss* found to be insufficient to overcome the requirements of *Monell.*

■ The only other allegations made by plaintiff to demonstrate the existence of a policy or custom is a summary of six other incidents of alleged policy brutality. None of these incidents is alleged to involve the defendant police officers. Thus, no facts alleging that the City was aware of criminal tendencies in the specific police officers involved in this case have been plead. *See Price v. City of Chicago,* No. 86 C 3291 (N.D.Ill. December 29, 1988) (Norgle, J.). Rather, they are simply boilerplate examples which could be attached to any complaint alleging a City policy of allowing police brutality. Yet *Strauss* stands for the proposition that a plaintiff alleging police brutality must do more to state a claim against the municipality than present boilerplate allegations. Furthermore, alleging six incidents of police brutality over a ten year period in a city as large as Chicago with a police force in excess of 10,000 members is unremarkable, and in no way indicates a policy or custom.

Plaintiff argues that he has alleged a policy or custom in the 9th Police District of the City of Chicago, as all the incidents described in the complaint took place in that District. The court rejects that argument for two reasons. First, the 9th District is not an entity which can be sued, and therefore alleging that it has a policy or custom is meaningless. Second, mentioning six unrelated incidents over a ten year period would be insufficient to allege a policy in one district for the same reasons that it is insufficient to allege a policy of the City. Therefore, the federal counts against the City are dismissed.

■ The only state law count against the City, Count VI, is a state assault and battery claim. Plaintiff alleges he was assaulted and battered on July 7, 1987. Yet he did not file his Complaint until July 8, 1988, one day after the one year statute of limitations period for actions against the City had expired. Ill.Rev.Stat., ch. 85 § 8–101. Plaintiff asserts that he provided defendant City a copy of the Complaint on July 7, 1988. This fact is irrelevant. The Complaint must be filed within the statute of limitations period. Plaintiff's assertion only demonstrates plaintiff's error. If plaintiff had a copy of the Complaint on July 7, 1988, he should have filed it with the court that day. Thus, Count VI, to the extent that it purports to state a claim against the City rather than the individual defendants, is dismissed.

■ The court must now consider the motion to dismiss as to the individual defendant police officers. Counts I and III, to the extent that they allege Fifth Amendment violations, are dismissed, as plaintiff makes no allegation of actions under color of federal law. *See Monitor v. City of Chicago,* 653 F.Supp. 1294, 1299 (N.D.Ill. 1987). The motion to dismiss Count I as an allegation of Fourteenth Amendment violations is denied, although Counts I and III essentially comprise one count for the Fourteenth Amendment violation of use of excessive force resulting in deprivation of liberty without due process of law. *See id.* at 1299–1300.

■ The court assumes that plaintiff in Count IV attempts to allege an Eighth Amendment violation when he alleges cruel and unusual punishment, despite his reference to the Fifth Amendment. Count IV is dismissed; because plaintiff does not allege that he was convicted of a crime, the Eighth Amendment is not implicated. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1979).

■ Count V is dismissed. As a claim pursuant to 42 U.S.C. § 1983, it is redundent with earlier counts. As a claim pursuant to 42 U.S.C. § 1985(3), it fails to allege

material facts to support its conclusory allegation of a conspiracy done with racial animus. *See Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir.1982). Plaintiff does not even mention which "race" was the object of the conspiracy. Mr. Ramos is presumably Hispanic. Of the six prior incidents alleged, none is alleged to involve a Hispanic victim, and one involved an American with an Irish surname. Thus, Count V is dismissed.

In sum, defendant City of Chicago is dismissed entirely from this action. References to the Fifth Amendment are stricken from Counts I and III. Counts IV and V are dismissed as to all defendants. What remains are parts of Counts I and III which essentially comprise one count, Count II, and Count VI against the individual defendant police officers.

IT IS SO ORDERED.