**Mabel THOMAS, as Mother and Next Friend of Alecia Thomas, a minor, and Joyce Annorh, as Mother and Next Friend of Cornelia Annorh, a minor, Plaintiffs,**

v.

**Maurice CANNON, Cook–Dupage Transportation Co., Inc., Bernard Ford, individually, and in his official capacity, and the Chicago Transit Authority, Defendants.**

No. 90 C 2941.

United States District Court, N.D. Illinois, E.D.

Dec. 4, 1990.

Kevin Rogers, Chicago, for plaintiffs.

Scott Skaletsky, Scott Skaletsky, P.C., Chicago, for Cook–DuPage Transp. Co., Inc. and Bernard Ford.

Gary K. Moore, Travis G. Maisel, Michael G. Ostler, Moore & Maisel, Chicago, for Maurice Cannon.

## ORDER

NORGLE, District Judge.

Before the court are the motions of defendants Maurice Cannon ("Cannon"), Cook–DuPage Transportation Company, Inc. ("Cook–DuPage"), the Chicago Transit Authority (CTA) and Bernard Ford ("Ford"), the Director of the CTA, to dismiss plaintiff's case in its entirety. For the following reasons, the court grants the motions.

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hospital,* 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which the claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus,* 603 F.2d 1266 (7th Cir. 1979). The court is not required to accept

legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

Taking the plaintiffs' allegations as true, the facts are as follows. Plaintiffs Mabel Thomas and Joyce Annorh are the mothers of Alecia Thomas and Cornelia Annorh. On December 2, 1989, Alecia Thomas and Cornelia Annorh were waiting for a bus on the corner of 47th and Cottage Grove Avenue in Chicago. At approximately 11:00 p.m., defendant Cannon stopped at the street corner. Cannon, an employee of Cook–DuPage, was driving a maroon automobile marked as a Cook–DuPage vehicle. Cook–DuPage is under contract with the CTA to provide transportation services. Cannon told Alecia Thomas and Cornelia Annorh that he would drive them to their destination, 54th and Cottage Grove, and encouraged them to get in the car. Reluctant to enter, the girls changed their minds and got into the car when two other passengers entered and asked to be taken to 47th and State Street. After dropping these two passengers off at the corner of 47th and State, defendant Cannon, now alone with the girls, proceeded to drive to Washington Park, where he produced a knife and attempted to rape the girls. During the attempted rape, Cornelia Annorh gained control of the knife and stabbed Cannon. The girls then escaped from the car and reported the incident to the police.

## DISCUSSION

In the first count of the amended complaint, plaintiffs allege that defendant Cannon deprived Alecia Thomas and Cornelia Annorh of rights secured under the fourth and fourteenth amendments to the United States Constitution and brings this action pursuant to 42 U.S.C. § 1983.

42 U.S.C. § 1983 is the vehicle through which plaintiffs can seek redress for violations of rights secured by the United States constitution and laws [1]. In order to state a claim under § 1983, the plaintiff must show 1) a deprivation by the defendant of a right secured by the United States constitution or laws and 2) that the defendant deprived plaintiff of this right under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir.1989). The requirement of action under color of state law is essential to state a claim under § 1983. *See Adickes*, 398 U.S. at 150, 90 S.Ct. at 1604; *Robinson v. Bergstrom*, 579 F.2d 401, 404 (7th Cir. 1978). The acts of private citizens, no matter how discriminatory, are not prohibited under § 1983. *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir.1989); *Ouzts v. Maryland National Insurance Co.*, 505 F.2d 547, 550 (9th Cir.1974); *Westfield Partners, Ltd. v. Hogan*, 740 F.Supp. 523, 527 (N.D.Ill.1990).

In this case, defendant Cannon was an employee of Cook–DuPage at the time of the alleged attempted rape. The critical issue here is whether Cannon was acting under color of state law when he performed this act [2]. The mere assertion that one is a state officer does not mean that the act performed is automatically "under color of state law". *Gibson v. City of Chicago*, 910 F.2d 1510, 1517 (7th Cir.1990); *Hughes*, 880 F.2d at 971. "Action is taken

---

**1.** "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the

purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. § 1983.

**2.** For the purposes of the present discussion, the court will assume Cook–DuPage is a state actor. As will be discussed below, however, Cook–DuPage is not.

under color of state law when it is 'made possible only because the wrongdoer is clothed with the authority of state law....'" *Hughes*, 880 F.2d at 971. In other words, the act committed must be in some way related to the performance of the duties of the state office. *Gibson*, 910 F.2d at 1516.

In the present case, plaintiff cannot convincingly argue that the attempted rape by Cannon constituted an action under color of state law. Assuming that Cannon was clothed in the authority of the state when performing his duties as a Cook–DuPage Transit worker, the attempt to rape two young girls is not an act even remotely related to the performance of his job. Thus, Cannon has not acted under color of state law and cannot incur § 1983 liability[3]. The court therefore dismisses count one of the amended complaint.

Count two of the amended complaint is brought against defendants Cook–DuPage and the CTA. Plaintiffs allege that both Cook–DuPage and the CTA are liable under § 1983 for failure to properly train, supervise and control defendant Cannon.

As an initial matter, the court turns to the question of whether Cook–DuPage is a state actor for the purposes of § 1983. As alleged in the complaint, Cook–DuPage is a private corporation under contract with the CTA to provide transportation within Cook County. Amended Complaint, p. 2, par. 6. However, the mere performance of a public contract does not make the actions of private contractors state action. *Rendell–Baker v. Kohn*, 457 U.S. 830, 841–42, 102 S.Ct. 2764, 2771–72, 73 L.Ed.2d 418 (1982).

In order to subject Cook–DuPage to suit under § 1983, their actions must be "fairly attributable to the State." *Rendell–Baker v. Kohn*, 457 U.S. at 839, 102 S.Ct. at 2770, citing, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753–54, 73 L.Ed.2d 482 (1982). A number of different tests have been developed to determine whether a private entity is considered a state actor: the "public function" test[1]; the "state compulsion" test[5]; the "nexus" test[6]; and, when a prejudgment attachment is involved, the "joint action" test[7]. *Lugar*, 457 U.S. at 938–39, 102 S.Ct. at 2754–55. Applicable to this case are the public function test and the nexus test.

■ Under the public function test, a private entity can be held to be a state actor by virtue of performing a function "traditionally the *exclusive* prerogative of the state." *Rendell–Baker*, 457 U.S. at 842, 102 S.Ct. at 2772 (emphasis in original), citing, *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). Cook–DuPage's operation of regional transport services for the CTA does not make it a state actor for the purposes of § 1983, as mass transportation is not an area "traditionally the exclusive prerogative of the State." *See Bester v. Chicago Transit Authority*, 887 F.2d 118, 123 (7th Cir.1989); *Mineo v. Transportation Management of Tennessee*, 694 F.Supp. 417 (M.D.Tenn.1988); *Arredondo v. Laredo Municipal Transit System*, 581 F.Supp. 868, 870 (S.D.Texas 1984), citing, *United Transp. Union v. Long Island R.R.*, 455 U.S. 678, 102 S.Ct. 1349, 71 L.Ed.2d 547 (1982). Therefore, Cook–DuPage cannot be held liable as a state actor under the public function test.

Moreover, there is not a sufficient nexus between the actions of Cook–DuPage em-

---

**3.** Arguably, Cannon, acting as an individual, could incur § 1983 liability if he engaged in a joint action with state officials to deprive Alccia Thomas and Cornelia Annorh of rights secured by federal law. *Hughes*, 880 F.2d at 972; *Gramenos v. Jewel Cos., Inc.*, 797 F.2d 432, 435 (7th Cir.1986). However, there are no allegations in the amended complaint that Cannon acted in concert with any state official when he attempted to rape these two girls.

**4.** *See, Terry v. Adams*, 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152 (1953); *Jackson v. Metropolitan*

*Edison Co.*, 419 U.S. 345, 352, 95 S.Ct. 449, 454, 42 L.Ed.2d 477 (1974).

**5.** *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170, 90 S.Ct. 1598, 1615, 26 L.Ed.2d 142 (1970).

**6.** *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357–58, 95 S.Ct. 449, 456–57, 42 L.Ed.2d 477 (1974).

**7.** *See Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 157, 98 S.Ct. 1729, 1733–34, 56 L.Ed.2d 185 (1978).

ployees and the CTA to make Cook–Du-Page a state actor. Under the nexus test, a private entity is a state actor when the state insinuates itself so far into a position of interdependence that it is a joint participant with the private entity. *Jackson*, 419 U.S. at 357–58, 95 S.Ct. at 456–57. In this case there are simply no factual allegations supporting such a relationship between Cook–DuPage and the CTA. Therefore, this court holds that Cook–DuPage is not a state actor for the purposes of § 1983 and is not amenable to suit under that section. Cook–DuPage's motion to dismiss is granted.

■ Furthermore, even if this court were to hold Cook–DuPage a state actor, dismissal is proper as to both Cook–Du-Page and the CTA, as the complaint fails to allege sufficiently a municipal policy or custom.

In order to state a claim against state actors, under § 1983, a plaintiff must allege that he was deprived of a constitutional right and that such deprivation was caused by a government official acting in accordance with a municipal policy or custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Jackson v. City of Chicago*, 645 F.Supp. 926 (N.D.Ill. 1986). *Respondeat superior* or vicarious liability is not enough. *Jones v. City of Chicago*, 856 F.2d 985 (7th Cir.1988); *McBride v. Lindsey*, No. 88 C 10928 (November 17, 1989 N.D.Ill.). For the purposes of this motion, the court shall assume that the complaint alleges a deprivation of rights of constitutional magnitude.

Plaintiff alleges that both Cook–DuPage and the CTA are liable, under § 1983, for failure to properly train, supervise and control defendant Cannon. Amended Complaint, p. 7, par. 30. As an initial matter, the court notes that the failure to properly train employees may give rise to § 1983 liability, when the failure to train amounts to "deliberate indifference". *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 1204–06, 103 L.Ed.2d 412 (1989);

*East v. City of Chicago*, 719 F.Supp. 683, 693 (N.D.Ill.1989). In support of their failure-to-train claim, plaintiffs' point to an alleged prior rape of a passenger by an employee of a different contractor to the CTA. Amended Complaint, p. 7, par. 29. However, knowledge of this single prior incident cannot be said to have "occurred with enough frequency to call for training" of Cook–DuPage employees to prevent sexual abuses, and the failure to do so cannot be said to be deliberately indifferent.

In some instances, the failure to train may be so egregious, and the need so obvious in light of duties assigned to the employees, that the failure to train can be said to be deliberately indifferent. *East*, 719 F.Supp. 683. However, in this action, the failure to train Cook–DuPage employees to prevent sexual abuses is not so obvious or related to the duties of Cook–DuPage employees that the failure to train, in and of itself, can be deemed deliberately indifferent.[8] *East*, 719 F.Supp. at 694. Moreover, unlike *East*, sexual abuse is not the type of problem occurring every day in the course of a Cook–DuPage employee's mass transportation duties as to make the need for training in this area "obvious" to either Cook–DuPage or the CTA. *See East*, 719 F.Supp. at 694. Therefore, plaintiffs' complaint does not state facts sufficient to allege a failure to train claim and is dismissed.

■ Left before the court is plaintiffs' claim that Cook–DuPage and the CTA failed properly to supervise and control defendant Cannon. Although a successful suit requires the plaintiff to establish that the injury was proximately caused by some municipal policy, custom or practice, *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir.1985), the plaintiff cannot simply track the requirements of *Monell*, but must allege some facts supporting the existence of a custom or policy. *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194 (7th Cir.1985); *Strauss*, 760 F.2d at 767; *Edwards v. May*, 718 F.Supp. 1379 (N.D.Ill. 1989). Plaintiffs do not allege a written policy; they merely allege that Cook–Du-

---

**8.** The court leaves for another day the question of what type of training, if any, would be appro-priate to stop individual drivers from committing personal criminal acts against passengers.

Page and the CTA's failure properly to supervise and control Cannon constitutes an official policy or custom of inaction. Amended Complaint, p. 8, par 31–32.

When the policy or custom is one of inaction, municipal liability occurs "only where the injury is caused by 'faults systemic in nature.'" *Sims v. Mulcahy,* 902 F.2d 524, 542 (7th Cir.1990) (*citing Strauss*). Moreover, when the municipal policy or custom of inaction is a good deal removed from the constitutional deprivation alleged, the necessity of proof is even greater. *Sims,* 902 F.2d at 543. Where a policy is not written, the adoption of a defacto policy is shown through a specific pattern or series of incidents that support the allegation of the existence of the policy. *Gray v. Dane County,* 854 F.2d 179 (7th Cir.1988); *Hossman v. Blunk,* 784 F.2d 793 (7th Cir.1986). Since a municipality cannot be held liable for the independent tort of an individual employee, a single incident is insufficient to establish a custom or policy. *City of Oklahoma v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 2436–37, 85 L.Ed.2d 791 (1985); *Sims,* 902 F.2d at 543; *Strauss,* 760 F.2d at 767. Rather, plaintiffs must allege a "pattern of conduct or series of acts" violative of constitutional rights. *Sims,* 902 F.2d at 542, *citing, Gray,* 854 F.2d at 183; *Strauss,* 760 F.2d at 768.

In the present case, plaintiffs have failed to allege sufficiently a policy or custom on the part of Cook–DuPage or the CTA. Plaintiffs' allegations are merely boilerplate assertions of the existence of a policy or custom. The only fact alleged in support is a prior incident of a rape by an employee of a different CTA contractor. This lone prior incident, unrelated to either Cook–DuPage or defendant Cannon, is not a "pattern of conduct or series of acts" which would establish a custom or policy of inaction on the part of Cook–DuPage or the CTA. *See Jones v. City of Chicago,* 787

F.2d 200, 205–06 (7th Cir.1986) (single reference to alleged sexual abuse by doctor insufficient to support a policy or custom); *Ramos v. City of Chicago,* 707 F.Supp. 345, 347 (1989) (mere summary of prior incidents unrelated to the defendants is insufficient to establish custom or policy). The plaintiff has therefore failed to allege a policy or custom on the part of Cook–DuPage or the CTA which would make them liable, under § 1983, for the acts of defendant Cannon[9]. The court therefore dismisses count two of the complaint.

Having disposed of plaintiffs' federal claims, the court also dismisses the pendant state claims. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Manor Healthcare Corp. v. Guzzo,* 894 F.2d 919, 922 (7th Cir.1990).

In sum, the court dismisses the amended complaint in its entirety as to defendants Cannon, Cook–DuPage, the CTA and Bernard Ford, both in his official and individual capacities.

IT IS SO ORDERED.

---

9. Liability of the municipality is a prerequisite to liability of individuals in their official capacities in a § 1983 action. *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Therefore, having dismissed the § 1983 claims against the CTA, the court also dismisses the claims against Ford in his official capacity. Moreover, a proper claim against a supervisory official must allege that the official knowingly, willfully or at least recklessly caused the alleged constitutional deprivation by his action or failure to act. *Jones v. City of Chicago,* 856 F.2d 985, 992–93 (7th Cir.1988); *East,* 719 F.Supp. at 691–92. Plaintiffs' complaint alleges no facts showing that Ford knowingly, willfully or recklessly caused the alleged deprivation. Therefore, the federal claims as to Bernard Ford in his individual capacity are also dismissed.