■ PATRICIA POLOVY, Respondent, v NANCY P. DUNCAN et al., Appellants, et al., Defendants. [702 NYS2d 61] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered December 10, 1998, which denied defendant Duncan's and defendant Abbot, Duncan, Weiner & Reich's motion for summary judgment dismissing plaintiff's second cause of action for fraud and misrepresentation and fourth cause of action for breach of fiduciary duty, unanimously reversed, on the law, without costs, defendants' motion granted, and plaintiff's second and fourth causes of action dismissed.

Plaintiff founded and was Executive Director of a not-for-profit corporation known as The Child Study Center of New York, Inc. (CSC). Plaintiff was also sole shareholder of a for-profit corporation known as Shamrock Bus Lines, Inc. (Shamrock), which provided transportation to children attending CSC. CSC receives substantial funding from State and local governments and its finances are accordingly subject to periodic audits by the New York City Board of Education. During 1992, the Board of Education demanded that CSC repay substantial amounts of money based on audit findings that "excess" payments had been made to Shamrock due to the "less-than-arms-length" relationship of CSC and Shamrock. Plaintiff's dual role as Executive Director of CSC and sole shareholder of Shamrock appeared to threaten the on-going viability of CSC. Between July 1992 and January 1993, defendant Duncan, on behalf of CSC, negotiated plaintiff's leave of absence and ultimate resignation, as a method of resolving the problems unearthed by the recent audit. Within days of tendering her resignation as Executive Director of CSC, plaintiff became convinced that she should not have resigned and unsuccessfully sought reappoint-

ment by the CSC Board of Trustees. In this action, plaintiff seeks damages against, among others, defendant Duncan and the law firm in which she practiced, alleging that Duncan induced her to take a leave and later resign based upon misrepresentations and, further, that Duncan breached a fiduciary duty to her since Duncan's prior representation of plaintiff created a conflict of interest when Duncan represented CSC as to plaintiff's leave and resignation.

"Unless the parties have expressly agreed otherwise in the circumstances of a particular matter, a lawyer for a corporation represents the corporation, not its employees" (*Talvy v American Red Cross*, 205 AD2d 143, 149, *affd* 87 NY2d 826). There was no retainer agreement between plaintiff and Duncan with respect to any prior matter in which Duncan may have assisted plaintiff and it appears that such assistance was in furtherance of the corporate interests of CSC. When plaintiff was urged to take a leave and then resign, it was obvious that the interests of plaintiff and CSC had diverged. There was nothing in the prior relationship between plaintiff and Duncan which would have led a reasonable person to have concluded that Duncan was her "personal attorney" and there was nothing in Duncan's handling of plaintiff's leave and resignation which created or breached any fiduciary duty (*see, First Hawaiian Bank v Russell & Volkening*, 861 F Supp 233, 238-239 [SD NY 1994]).

Regarding plaintiff's cause of action for fraud and misrepresentation, it is clear from the record evidence that plaintiff did not suffer any compensable injury, even assuming that Duncan had made misrepresentations. Her leave of absence was accomplished with no loss of compensation. Within 10 days of her resignation, the CSC Board of Trustees independently decided not to reinstate her. There is no evidence supporting a view that Duncan's representations induced, caused or required the CSC Board of Trustees's decision. Concur—Williams, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.