■ JOHN C. RYFUN et al., Appellants, v 406 WEST 46TH STREET CORP. et al., Respondents. [732 NYS2d 216] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered May 26, 2000, which, insofar as appealed from as limited by the briefs, granted defendant-respondent cooperative corporation's motion for partial summary judgment dismissing the complaint as against it insofar as asserted by plaintiff-appellant Senich to the extent of dismissing all of Senich's causes of action against the cooperative corporation except for the third and eighth causes of action in part, implicitly denied Senich's cross motion for partial summary judgment as to liability on certain of her causes of action, and denied Senich's cross motion to disqualify defendants' counsel, unanimously affirmed, with costs.

The motion court correctly dismissed Senich's complaint as against the cooperative corporation to the extent her causes of action are based on her alleged status as a shareholder therein, in that the record establishes, as a matter of law, that Senich does not own the shares assigned to the apartment at issue. Although Senich and her co-plaintiff allege that the co-plaintiff sold plaintiff his shares in the cooperative, the record establishes that Senich and the co-plaintiff failed to comply with the requirements of the proprietary lease for rendering such a transfer effective as against the cooperative, including, *inter alia*, obtaining the cooperative's written consent to the transfer. Indeed, it is undisputed that no such consent was either sought

or given. We find that the conduct of the cooperative alleged by Senich to constitute informal recognition of her shareholder status is insufficient to override the express provisions of the proprietary lease. We further note that Senich is collaterally estopped to claim shareholder status by her entry into a stipulation settling a prior action she commenced against the cooperative, which stipulation provided that the cooperative would issue a new stock certificate for the shares at issue in the name of another person. Contrary to Senich's present contentions, she deliberately placed her claim to ownership of such shares at issue in the prior action. The foregoing renders it unnecessary to consider on this appeal the validity of the cooperative's purported foreclosure on the shares under UCC article 9.

Senich's cross motion to disqualify defendants' counsel was properly denied, inasmuch as her conclusory and unsubstantiated allegations were insufficient to establish that she had an attorney-client relationship with the attorneys for the cooperative. In light of the prior history of disputes and litigation between Senich and the cooperative, she could not reasonably have believed that the cooperative's attorneys were representing her, in the absence of express agreement to that effect (*see, Polovy v Duncan,* 269 AD2d 111, 112, citing *Talvy v American Red Cross,* 205 AD2d 143, 149, *affd* 87 NY2d 826; *Jane St. Co. v Rosenberg & Estis,* 192 AD2d 451, *lv denied* 82 NY2d 654). Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Rubin, JJ.