■ CHRISTOPHER VARGAS, an Infant, by His Mother and Natural Guardian, ANNA RODRIGUEZ, et al., Appellants, v 1387 GRAND CONCOURSE REALTY CORP. et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [732 NYS2d 6] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered July 7, 2000, which, on plaintiffs' motion to reargue an order, same court and Justice, entered December 6, 1999, granting the motion of defendant New York City Housing Authority (NYCHA) for summary judgment dismissing the complaint, adhered to its prior determination, and denied plaintiffs' motion to amend the complaint, unanimously affirmed, without costs.

Summary judgment was properly granted. Plaintiffs' civil rights claim under 42 USC § 1983 was properly rejected since they failed to show a pattern or custom of municipal indifference to shoddy inspections for lead paint or that the infant plaintiff's injuries resulted from this practice (*Canton .v Harris*, 489 US 378, 389-390; *Monell v Department of Social Servs.*, 436 US 658; *Jackson v Police Dept.*, 192 AD2d 641, *lv denied* 82 NY2d 658, *cert denied* 511 US 1004). While plaintiffs submitted evidence of nine claims against NYCHA, they did not adduce evidence showing that NYCHA condoned slipshod inspections or that it failed to adequately train inspectors (*compare, Singleton v City of Newburgh*, 1 F Supp 2d 306, 311; *Mendoza v City of Rome*, 872 F Supp 1110, 1119, *with Vann v City of New York*, 72 F3d 1040, 1049; *Fiacco v City of Rensselaer*, 783 F2d 319, 328). Moreover, evidence of nine complaints submitted by plaintiffs, spanning a period of 11 years, constitutes such a minuscule fraction of the 75,000 Section 8 units administered by NYCHA as not to be indicative of a pattern (*see, Lewis v Meloni*, 949 F Supp 158, 164 [17 false arrest claims over a five-year period]; *Ramos v City of Chicago*, 707 F Supp 345, 347 [six brutality incidents over a 10-year period in a city with over 10,000 police officers]). Indeed, in two of the nine cases cited by plaintiffs, the civil rights claims against NYCHA have been dismissed.

Leave to amend the complaint was properly denied since the proposed amendment was without merit. Furthermore,

plaintiffs' hope of uncovering constitutional violations during discovery is insufficient to defeat summary judgment (*Rotuba Extruders v Ceppos*, 46 NY2d 223; *Cadle Co. v Hoffman*, 237 AD2d 555). Concur—Nardelli, J. P., Williams, Ellerin, Friedman and Marlow, JJ.