■ BONNEE LINDEN, Appellant, v BRIAN MOSKOWITZ, ESQ., et al., Respondents. [743 NYS2d 65] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered July 17, 2000, which, inter alia, granted the motions of defendants Brian Moskowitz, Esq., Fidelity National Title Insurance Company, First American Title Insurance Company, Chicago Title Insurance Company, Security Title and Guaranty Company, Home Abstract Corporation and First Manhattan Abstract Corporation, Commonwealth Land and Title Insurance Company, Equicredit Corporation, Bank of America, Federal Insurance Company, Reliance Insurance Company, Greenpoint Bank, Henry P. Baer, Esq., Skadden, Arps, Slate, Meagher and Flom, Albert Lewis, Esq., Henry B. Portnoy, Esq., Irwin Silbowitz, Esq. and Cullen and Dykman, to dismiss the complaint, and order, same court and Justice, entered May 16, 2001, which, to the extent appealable, denied plaintiff's motion to renew and for leave to amend the complaint, unanimously affirmed, with costs.

The motion court properly determined that the claim for fraud against the moving attorney defendants and law firms, based on allegations that an action involving appellant had

been improperly settled, is barred by the six-year Statute of Limitations. Appellant's attempt to rely on the two-year discovery rule (CPLR 203 [g]; 213 [8]) was properly rejected inasmuch as the record establishes that she was aware, in 1991, of the circumstances surrounding the settlement of the action (*see, Lentini v Lentini*, 280 AD2d 330).

The remaining claims against the attorney defendants— breach of fiduciary duty, breach of contract, attorney malpractice and civil conspiracy—are also time-barred since they arose from the same set of alleged facts as the fraud claim, and are well beyond the six-year statutory period for breach of contract or the three-year statute of limitations for malpractice.

In any event, the fraud claim against the attorney defendants and law firms was properly dismissed for failure to state the circumstances of the alleged fraud in detail, in accordance with the requirement of CPLR 3016 (b) (*see, e.g., Longo v Butler Equities II*, 278 AD2d 97, 97-98). There is no allegation that the defendants knowingly misrepresented a material fact much less that plaintiff relied upon such a misrepresentation to her detriment. The fraud claim asserted in the first cause of action against Brian Moskowitz, Esq. is similarly deficient.

Since the underlying fraud claim is not viable, the civil conspiracy claim was properly dismissed (*see, Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57).

The breach of fiduciary duty claim fails against defendants Skadden, Arps, Slate, Meagher and Flom, Henry P. Baer, Cullen and Dykman, and Irwin Silbowitz since none of these defendants represented appellant in the prior litigation (*see, Polovy v Duncan*, 269 AD2d 111, 112). Similarly, the attorney malpractice, breach of fiduciary duty and breach of contract claims against these defendants were properly dismissed since the complaint fails to allege the existence of an attorney-client relationship, or indeed, any other contractual relationship with defendants (*see, D'Amico v First Union Natl. Bank*, 285 AD2d 166, 172). For the same reason, the eighth cause of action against Brian Moskowitz for attorney malpractice was properly dismissed. The claims against Albert Lewis were properly dismissed inasmuch as the complaint makes no allegations giving rise to either a breach of fiduciary duty or attorney malpractice claim.

The attorney malpractice and breach of fiduciary duty claims against Henry Portnoy, who represented appellant at one point in the prior litigation, were properly dismissed since the resolution of their fee dispute barred the subsequent claim for malpractice (*see, Koppelman v Liddle, O'Connor, Finkelstein &*

*Robinson*, 246 AD2d 365) and resolved all issues between the parties.

The claim for quantum meruit, asserted against all the moving defendants, was properly dismissed since there was no allegation that appellant rendered any service to any of these defendants for which she reasonably expected compensation (*see, Geraldi v Melamid*, 212 AD2d 575, 576).

The claims against the moving title companies, mortgage companies and banks, based on allegations that they conspired with one another and with the owners of condominium units to omit from title reports a blanket lis pendens which enabled units to be sold at inflated values and caused purchasers to obtain inflated mortgages, were properly dismissed since appellant failed to establish how she was damaged by these actions.

Since appellant was not an insured of either Federal Insurance Company or Reliance Insurance Company and there is no claim that she obtained a judgment against any entity or individual qualifying as an "insured" in the insurance contracts at issue, the claims against the insurance companies were properly dismissed (*see,* Insurance Law § 3420 [a] [2]; *see also, Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 166; *Mount Vernon Fire Ins. Co. v NIBA Constr.*, 195 AD2d 425).

The motion to renew was properly denied since appellant failed to offer a valid excuse for failing to submit the new material on the original motion (*see, e.g., Matter of Creole Enters. v Giuliani*, 240 AD2d 279, *lv dismissed* 90 NY2d 936). Denial of leave to amend was also proper (*Lichtman v Mount Judah Cemetery*, 269 AD2d 319, *lv denied in part and dismissed in part* 95 NY2d 860). Appellant's claim that she is entitled to discovery under CPLR 3211 (d) is without merit (*see, Vargas v 1387 Grand Concourse Realty*, 288 AD2d 24). Concur—Andrias, J.P., Sullivan, Wallach, Rubin and Gonzalez, JJ.