■ BONNEE LINDEN, Appellant, v PRESIDENT AND DIRECTORS OF CHASE MANHATTAN BANK et al., Defendants, and LLOYD'S PLANNING SERVICES, INC., et al., Respondents. [749 NYS2d 247] —Orders, Supreme Court, New York County (Alice Schlesinger, J.), entered May 1, 2001 and May 2, 2001, respectively, and orders (three papers), same court and Justice, entered May 16, 2001, which, to the extent appealed from as limited by plaintiff's brief, granted the respective motions of defendants Lloyd's Planning Service, Naravi Payne, Steven Siegel, Smallwood Enterprises, Ltd., and Village of Atlantic Beach, to dismiss the amended complaint as against them and denied plaintiff's cross motions to amend the complaint, unanimously affirmed, without costs.

We have previously held that plaintiff's claims against certain attorneys named in this action, for fraud, breach of fiduciary duty, breach of contract, attorney malpractice and civil conspiracy, were time-barred and otherwise unavailing (*see Linden v Moskowitz*, 294 AD2d 114). For the same reasons, the dismissal of the complaint as against Steven Siegel was proper as was the dismissal of plaintiff's claims against Naravi Payne.

Dismissal of complaint as against defendant Village of Atlantic Beach was correct, since, inter alia, plaintiff's claims against defendant Village rested upon the premise that the Village owed her a duty to enforce its building code against Oceanview Condominiums, the condominium in which plaintiff owned a unit before it was foreclosed for her failure to pay common charges, but no such duty was owed (*see O'Connor v City of New York*, 58 NY2d 184, 192). Plaintiff's motion to amend the complaint to allege a RICO claim against defendant Village was properly denied since, inter alia, no such claim was set forth in plaintiff's notice of claim against the Village (*see Mazzilli v City of New York*, 154 AD2d 355).

Plaintiff's claims against defendant insurance brokers Lloyd's Planning Service and Smallwood Enterprises were properly dismissed since, inter alia, plaintiff's claims with respect to the insurance policies at issue, effective between 1989 and 1994, are time-barred. Leave to amend the complaint to allege claims against Lloyd's and Smallwood premised on "the fictitious payee rule," (UCC 3-405 [1] [c]) was properly denied since, inter alia, that rule, applicable in disputes between check drawers and drawee banks (*see e.g. Guardian Life Ins. Co. of Am. v Chemical Bank*, 94 NY2d 418), has no relevance to the facts at bar.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Buckley, Rosenberger and Marlow, JJ.