**David HARRIS, Plaintiff,**

v.

**VEOLIA TRANSPORTATION SERVICES, INC., and Kristen Marvel, Chief Administrative Officer, Defendants.**

No. CV–09–01915–PHX–ROS.

United States District Court, D. Arizona.

Sept. 3, 2010.

David Harris, Mesa, AZ, pro se.

Brian M. Oneal, James N. Foster, Jr., McMahon Berger PC, St. Louis, MO, Rosval Ardis Patterson, Patterson & Associates PC, Phoenix, AZ, for Defendants.

## ORDER

ROSLYN O. SILVER, District Judge.

Before the Court is a Motion to Dismiss filed by Defendants Kristen Marvel and Veolia Transportation Services, Inc. (Doc. 12). Also before the Court is a Motion for Summary Judgment filed by Plaintiff David Harris. (Doc. 14). For the reasons discussed, the Motion to Dismiss will be granted and the Motion for Summary Judgment will be denied.

## BACKGROUND

On September 15, 2009, Plaintiff filed a pro se Complaint asserting a 42 U.S.C. § 1983 claim that his constitutional rights were violated when he was terminated from his employment as a fueler in a bus yard after purportedly testing positive on a random drug test. Plaintiff also alleged intentional infliction of emotional distress. On October 26, 2009, Defendants filed a Motion to Dismiss the Complaint. On October 28, 2009, Plaintiff filed a Motion for Summary Judgment.

## DISCUSSION

### I. Motion to Dismiss

#### A. Section 1983 Claim

Defendants argue the Complaint fails to state a claim under 42 U.S.C. § 1983 because it does not allege Defendants were acting under color of state law, and does not allege sufficient facts to support an allegation that they were acting under color of state law.

To state a section 1983 claim, a plaintiff must allege the defendants' actions were committed "under color of state law." *Price v. State of Hawaii*, 939 F.2d 702, 708 (9th Cir.1991). Private parties are generally not acting under color of state law. *Id.* A conclusory allegation that private parties are acting under color of state law, unsupported by facts, is insufficient to state a claim under section 1983. *Id.* The Supreme Court has established a two-step analysis for determining whether an action by a private party is considered state action sufficient to establish liability for a constitutional tort: first, the court must consider whether the claimed deprivation resulted from the "exercise of a right or privilege having its source in state authority," and second, the court must consider whether it is appropriate to consider the parties state actors under the particular facts of the case. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954–55 (9th Cir.2008) (internal citation and quotation marks omitted). Regarding the second step, the essential inquiry is whether there is a sufficiently "close nexus between the State and the challenged action ... [such that the] private behavior may be fairly treated as that of the State itself." *Id.* (internal citation and quotation marks omitted). To sufficiently plead that a private party's actions constitute state action, the relationship between the private party and the state must be plead with sufficient factual detail for the court to be able to be able to make that inference. *See Glaros v. Perse*, 628 F.2d 679, 684–85 (1st Cir.1980).

The Complaint alleges Defendants were "acting under color of law," and provides the following factual allegations in support: (1) Defendant Veolia Transportation Services, Inc. is a contractor for the Arizona DOT Regional Public Transportation Au-

thority, and (2) Defendants categorized Plaintiffs job as safety-sensitive even though it does not qualify as such under federal regulations. These allegations are insufficient to support a finding that there is so close a nexus between Defendants' actions and the State of Arizona that Defendants' actions can fairly be considered state actions. The mere performance of a public contract to provide transportation services does not make the actions of the private contractor state action. *See, e.g., Thomas v. Cannon,* 751 F.Supp. 765, 768 (N.D.Ill.1990) (holding that a private corporation providing transportation services under a state contract was not a state actor) (citing *Rendell–Baker v. Kohn,* 457 U.S. 830, 841–42, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982)). Government regulation of private conduct does not make that conduct state action. *See, e.g., Boudette v. Arizona Public Service Co.,* 685 F.Supp. 210, 213 (D.Ariz.1988).

In his response to the Motion to Dismiss, Plaintiff emphasizes that Defendant was acting under federal regulations that require recipients of federal transit funds to drug test transportation employees with safety-sensitive positions. In order to state a section 1983 claim, however, a plaintiff must allege a party acted under color of *state* law, not federal law. *Lonneker Farms, Inc. v. Klobucher,* 804 F.2d 1096, 1097 (9th Cir.1986). Even if the Court were to go beyond the language of the Complaint and treat it as alleging a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the result would be the same because Plaintiffs Complaint fails to contain sufficient allegations upon which it could plausibly be inferred Defendants were acting under color of federal law.

The section 1983 claim will be dismissed for failure to state a claim. Plaintiff will be given leave to file an amended com-plaint that adds factual allegations upon which it could plausibly be inferred that Defendants were acting under color of state law.

## II. Intentional Infliction of Emotions Distress

Defendants move to dismiss the intentional infliction of emotional distress for failure to state a claim. In response, Plaintiff states that he did not intend to assert an intentional infliction of emotional distress claim, and he only alleged he was inflicted with emotional distress to further support his section 1983 claims. To the extent the Complaint asserts an intentional infliction of emotional distress claim, it is therefore dismissed.

## III. Plaintiff's Motion for Summary Judgment

As Plaintiff's Complaint will be dismissed, Plaintiff's Motion for Summary Judgment will be denied as moot.

Accordingly,

**IT IS ORDERED** Defendants' Motion to Dismiss (Doc. 12) **IS GRANTED.** Plaintiff shall file an amended complaint that resolves the deficiencies discussed in this Order within two weeks from the date of this Order. If Plaintiff fails to do so, the Clerk of the Court shall close this case without further direction from this Court.

**FURTHER ORDERED** Plaintiff's Motion for Summary Judgment (Doc. 14) **IS DENIED** as moot.