411 So.2d 245 (1982)
Elisa A. WILLIS, a Minor by and through Her Father and Next Friend Wendell Willis, Sr., and Wendell Willis, Sr., Individually, Appellants,
v.
DADE COUNTY SCHOOL BOARD, Appellee.
No. 81-335.
District Court of Appeal of Florida, Third District.
March 2, 1982.
Rehearing Denied April 13, 1982.
*246 Alldredge & Gray and James H. Gray, Jr., Miami, for appellants.
Peters, Pickle, Flynn, Niemoeller, Stieglitz & Downs and Nancy F. Schleifer, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
Appellant Elisa Willis sued Dade County School Board for damages pursuant to Section 768.28, Florida Statutes (1979) waiving sovereign immunity in tort actions. In her amended complaint, Willis contends that a physical education teacher employed by the county maliciously assaulted and battered her during regular school hours and caused her injury. The trial court dismissed with prejudice Willis' amended complaint for failure to state a cause of action. We affirm in part and reverse in part.
We find no error in the determination of the trial court with respect to Count I that a complaint which alleges a "malicious" assault and battery fails to state a cause of action pursuant to Section 768.28, Florida Statutes (1979). District School Board of Lake County v. Talmadge, 381 So.2d 698 (Fla. 1980) (state immune from suit when state employee did not act within scope of employment or acted in bad faith or with malicious purpose).
We find, however, that the trial court erred in dismissing with prejudice Count III of the amended complaint on the sole ground that the doctrine of sovereign immunity bars a cause of action against the school board for the negligent hiring or retention of the teacher.[1] We reject appellee's argument that the actual hiring of a teacher is a planning function for which the county is immune from suit, rather than an operational function for which the county may be subject to liability. See, e.g., Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). Though the creation of a teaching position is a planning function, the actual filling of that position is operational. Cf. Hollis v. School Board of Leon County, 384 So.2d 661 (Fla. 1st DCA 1980) (creation of plans to provide safe transportation was discretionary but implementation of plans was operational).
We hold, therefore, that the dismissal with prejudice of Count III of appellant's amended complaint was error.
Affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] In order to state a cause of action for the tort of negligent hiring or retention recognized in Florida, see Mallory v. O'Neil, 69 So.2d 313 (Fla. 1954); Texas Skaggs, Inc. v. Joannides, 372 So.2d 985 (Fla.2d DCA 1979), cert. denied, 381 So.2d 767 (Fla. 1980); Petrik v. New Hampshire Insurance Co., 379 So.2d 1287 (Fla. 1st DCA 1979), cert. denied, 400 So.2d 8 (Fla. 1981), a plaintiff must allege facts showing that the employer was put on notice of the harmful propensities of the employee, see Williams v. Feather Sound, Inc., 386 So.2d 1238 (Fla.2d DCA 1980), rev. denied, 392 So.2d 1374 (Fla. 1981); DeJesus v. Jefferson Stores, Inc., 383 So.2d 274 (Fla.3d DCA 1980); Friedman v. Mutual Broadcasting System, Inc., 380 So.2d 1313 (Fla.3d DCA 1980). We do not address this issue however, because it was neither considered below nor raised on appeal.