467 So.2d 1112 (1985)
Michael S. STEPHENSON and Barbara Stephenson, His Wife, Appellants,
v.
SCHOOL BOARD OF POLK COUNTY, Florida, a Subdivision of the State of Florida, Appellee.
No. 84-935.
District Court of Appeal of Florida, Second District.
May 1, 1985.
Joseph G. Hern, Jr., of Wendel & Chritton, Chartered, Lakeland, for appellants.
A.H. Lane of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellee.
OTT, Judge.
Appellants appeal an order of the trial court granting summary final judgment in favor of the school board in this action for damages against the school board, two of its employees, and two students. For the reasons stated below, we affirm.
The pleadings and the proofs evidence that the acts of the school board's employees were, at best, committed within the scope of employment, but "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." § 768.28, Fla. Stat. (1975).[1] The school board cannot be held liable for such acts; therefore, summary judgment in its favor was proper. District School Board v. Talmadge, 381 So.2d 698, 702-703 (Fla. 1980); Rupp v. Bryant, 417 So.2d 658, 669-670 n. 30 (Fla. 1982).
Further, neither the complaint nor the record before the trial court contained sufficient factual allegations to state a cause of action against the school board for the negligent supervision of its employees. There was no indication from the record that the school board was put on notice of the harmful propensities of these two employees. Willis v. Dade County School Board, 411 So.2d 245, 246 n. 1 (Fla. 3d DCA 1982).
*1113 Accordingly, the trial court's order granting summary final judgment in favor of the school board is AFFIRMED.
SCHEB, A.C.J., and DANAHY, J., concur.
NOTES
[1] Although appellants' complaint was filed in 1981, the cause of action arose in January, 1977, when the event surrounding the basis of the complaint occurred. As such, we are governed by the state of the law as it existed in 1977. See Rupp v. Bryant, 417 So.2d 658 at 670 (Fla. 1982) (Overton, J., concurring specially).