493 So.2d 471 (1986)
Daniel BRANTLY, Sr., As the Natural Father and Guardian of Daniel Brantly, Jr., a Minor, Appellant,
v.
The DADE COUNTY SCHOOL BOARD, a Political Subdivision of the State of Florida, Appellee.
No. 85-1467.
District Court of Appeal of Florida, Third District.
June 3, 1986.
Mark J. Feldman, Miami, for appellant.
Peters, Pickle, Flynn & Niemoeller and Donna S. Hurtak, Miami, for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
NESBITT, Judge.
Brantly appeals from a final order of the trial court dismissing his complaint for failure to state a cause of action. We reverse.
On January 10, 1984, Brantly was struck in the face, while walking beside a school bus, by a student aboard the bus. Brantly's complaint alleged that the school bus driver negligently failed to supervise the students on the bus where the driver was aware of a prior similar incident involving the same bus and passenger, putting the driver on notice of a potential danger. Brantly alleged that section 232.28, Florida Statutes (1983),[1] imposes a duty upon the bus driver to supervise the students on board. Brantly further alleged that based *472 on the same facts, the school board negligently hired, trained and retained this bus driver in violation of section 234.02, Florida Statutes (1983).[2]
With regard to the driver's alleged negligence, since the school board is ultimately entrusted with the care and well being of the students, the duty created by section 232.28(3) is owed by the board as well. See Collins v. School Board of Broward County, 471 So.2d 560 (Fla. 4th DCA 1985) (teacher's duty to supervise students is owed by the school board as well because the student's well being is ultimately the board's responsibility). Therefore, Brantly's complaint properly states a claim for negligence.
The school board contends Brantly's complaint fails to allege facts establishing that the school board had prior notice of the driver's past derelictions of duty, a necessary element to a claim for negligent hiring. We find that the complaint alleges sufficient facts to state such a claim pursuant to the duty imposed by section 234.02. Specifically, paragraph eight of the complaint alleges that "[t]he conduct of the student on the bus was foreseeable and preventable in that the student on the bus had assaulted and injured another student walking beside the bus shortly before this student assaulted and injured Daniel Brantly, Jr." See Friedman v. Mutual Broadcasting System, Inc., 380 So.2d 1313 (Fla. 3d DCA 1980). Any dispute over these facts is not a proper consideration in a motion to dismiss. Temples v. Florida Industrial Construction Co., Inc., 310 So.2d 326 (Fla. 2d DCA 1975).
Unquestionably, these claims are not barred, as the school board contends, by sovereign immunity. Hollis v. School Board of Leon County, 384 So.2d 661 (Fla. 1st DCA 1980) (implementation of the school board's policy to safely transport children is operational); see Willis v. Dade County School Board, 411 So.2d 245 (Fla. 3d DCA 1982) (hiring process of teachers is operational); see generally, Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979) (operational functions of the state are not protected by sovereign immunity).
Since Brantly's complaint contained sufficient allegations to state a cause of action for both negligence and negligent hiring, the dismissal below was error. The order under review is reversed and remanded for further proceedings in accordance with this opinion.
Reversed and remanded.
NOTES
[1] Authority of school bus drivers.
(1) The principal shall delegate to the school bus driver such authority as may be necessary for the control of pupils being transported to and from school, or school functions, at public expense.
(2) Any pupil who persists in disorderly conduct on a school bus shall be reported to the principal by the driver of the bus and may be suspended by the principal of the school he attends from being transported to and from school, and school functions, at public expense.
(3) The school bus driver shall preserve order and good behavior on the part of all pupils being transported but he shall not suspend the transportation of or give physical punishment to any pupil, or put any pupil off the bus at other than the regular stop for that pupil, except by order of the parent or the principal in charge of the school the pupil attends; provided, that should an emergency develop due to the conduct of pupils on the bus, the bus driver may take such steps as are reasonably necessary to protect the pupils on his bus.
[2] Section 234.02 reads in pertinent part:

Safety and health of pupils.  Maximum regard for safety and adequate protection of health shall be primary requirements which shall be observed by school boards in routing buses, appointing drivers, and providing and operating equipment, in accordance with all requirements of law and regulations of the state board.