Ms. Donna L. Fought Secretary/Treasurer Florosa Fire Control District Post Office Box 253 Mary Esther, Florida 32569
Dear Ms. Fought:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE FLOROSA FIRE CONTROL DISTRICT IS A SUBDIVISION OF THE STATE OF FLORIDA FOR PURPOSES OF s. 768.28, F.S. (1986 Supp.)?
The Florosa Fire Control District, formerly the Southwest Okaloosa County Fire Control District, was created by special act of the Legislature as a public municipal corporation for the public benefit with perpetual existence with the powers to sue and be sued, lease, own, possess and convey real and personal property, by purchase or gift or otherwise. See, s. 1, Ch. 84-488, Laws of Florida. The Florosa Fire Control District is authorized to levy special assessments against taxable real estate in the district to provide funds for the purposes of the district. Section 8, Ch. 74-543, Laws of Florida. The district is authorized to borrow money for the district's purposes. Section 9, Ch. 74-543, supra. The business and affairs of the district are conducted and administered by a board of five commissioners, who are qualified electors residing in the district. Section 2, Ch. 74-543, supra.
The Legislature, pursuant to the authority in s. 13, Art. X, State Const., has waived to a limited extent the sovereign immunity for the state "and for its agencies or subdivisions." See, s.768.28(1), F.S. (1986 Supp.), which, in pertinent part, provides:
 In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act. (e.s.)
See also, s. 768.28(5), supra, establishing the monetary limitations of the state's waiver.
"[S]tate agencies or subdivisions" as used in the statute, are defined to include, inter alia, "the independent establishments of the state; . . . and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities." Section 768.28(2), supra. Cf., s. 1.01(9), F.S., generally defining the term "political subdivision" for purposes of the Florida Statutes to include, inter alia, "all other districts in this state." The Florosa Fire Control District, established by a special act of the State Legislature, would clearly fall within the definitional purview of s. 768.281(2), and therefore, the state's sovereign immunity and its limited waiver accomplished by s. 768.28 are applicable to the district. See generally, Whitney v. Marion County Hospital District,416 So.2d 500 (5 D.C.A.Fla., 1982) (hospital district is a state agency and therefore limitation period provided in s. 768.28[11] for tort actions against the state is applicable); Florida Patient's Compensation Fund v. S.L.R., 458 So.2d 342 (1 D.C.A.Fla., 1984) (Cape Canaveral Hospital Foundation, Inc., is a tax district hospital and, therefore, is a state agency).
Recently, in AGO 86-75, this office concluded that the general tort liability of the Municipal Service District of Ponte Vedra Beach, a special taxing district established by the Legislature, is controlled by s. 768.28, F.S., as amended, and the amount of money damages recoverable in tort against the district or its governing board is limited by the provisions of s. 768.28(5). And see, AGO 81-57, wherein it was concluded that the Southwestern Palm Beach County Hospital District is a corporation primarily acting as an instrumentality of the county within the definitional purview of s. 768.28(2), F.S. See also, AGO's 79-13 (Canal Authority of the State of Florida is within the definitional purview and enacting terms of s. 768.28); 78-127 (Tampa Port Authority, created by special act, is within the definitional purview and enacting terms of s. 768.28); 78-113 (East Beach Water Control District, a public corporation of the state, is within the definitional purview of s. 768.28). And see, AGO's 78-106 (district mental health board); 78-42 (hospital districts) and 78-33 (municipal housing authority).
In regard to liability of individual officers and employees of the Florosa Fire Control District, s. 768.28(9)(a), F.S. (1986 Supp.), states:
 No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . ."
Section 768.28(9)(a), F.S. (1986 Supp.), provides, in relevant part, that the exclusive remedy for an injury or damages resulting from an act, event, or omission of an officer, employee or agent of the state or any of its subdivisions shall be the institution of an action against the governmental entity, or the head of such entity in his or her official capacity. If, however, the act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton or willful disregard of human rights, safety, or property, the state or its subdivisions shall not be liable for such acts. See, Stephenson v. School Board of Polk County, 467 So.2d 1112 (2 D.C.A.Fla., 1985) (school board could not be held liable for acts of two of its employees which were, at best, committed within scope of employment, but in bad faith or in a manner exhibiting wanton and willful disregard of human rights, safety, or property); Bryant v. Duval County Hospital Authority, 459 So.2d 1154 (1 D.C.A.Fla., 1984); Willis v. Dade County School Board, 411 So.2d 245 (3 D.C.A.Fla., 1982), pet. for rev. den., 418 So.2d 1278 (Fla. 1982).
Accordingly, I am of the opinion that the Florosa Fire Control District is a public corporation within the definitional purview of s. 768.28, F.S. (1986 Supp.), and therefore, the general tort liability of the district is controlled by that statute and the amount of money damages recoverable in tort against the district or its governing board is limited by the provisions of s.768.28(5), F.S. (1986 Supp.).
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Craig Willis Assistant Attorney General