524 So.2d 1052 (1988)
SCHOOL BOARD OF ORANGE COUNTY, Florida, et al., Appellants,
v.
Irma L. COFFEY, et al., Appellees.
No. 87-1124.
District Court of Appeal of Florida, Fifth District.
April 7, 1988.
Rehearing Denied May 19, 1988.
*1053 G. Yates Rumbley of Pitts, Eubanks, Hilyard, Rumbley & Meier, Orlando, for appellants.
Sheldon D. Stevens of Stevens & Peters, P.A., Merritt Island, and James R. Cunningham, Orlando, for appellees.
PER CURIAM.
This is an appeal of a judgment against a school board and a school superintendent and in favor of a student and her mother in a case in which the jury found the school board and superintendent were negligent in the retention and supervision of a school teacher who sexually abused this student-victim. We affirm, briefly discussing some points raised on appeal:
(1) The victim wanted to call the teacher as a witness and question him about his improper acts, having reason to believe the teacher would invoke his Fifth Amendment right against self-incrimination. The school board did not want this to occur before the jury. However, there was no genuine issue in the case about the teacher's acts. The trial court did not err in instructing the jury that the court had precluded both counsel from asking the teacher about specific instances based on the witness' constitutional rights.
(2) The trial judge did not abuse his discretion in denying the school board's motion for mistrial when a certain witness, who testified that he had complained to the school board and school board attorney as to this teacher's naked misconduct, also referred to an irrelevant event when another teacher made advances toward the witness' daughter.
(3) The trial judge did not err in precluding the school board from presenting evidence of an incestuous relation between the victim's sister and her two brothers as against the school board's argument that such evidence was relevant to demonstrate that the victim's psychological injuries could have been caused by her knowledge of such incestuous relations. See § 90.403, Fla. Stat.
(4) The trial judge did not abuse his discretion in refusing to grant a new trial on the ground that the damages awarded were excessive.
(5) The retention and supervision of a teacher by a school board are not acts covered with sovereign immunity. The school board has a common law duty to protect others from the result of negligent hiring, supervision, or retention which duty is identical to the duty upon private employers who hire, retain, or supervise employees whose negligent or intentional acts in positions of employment can foreseeably cause injuries to third parties. See Brantly v. Dade County School Board, 493 So.2d 471 (Fla. 3d DCA 1986); Willis v. Dade County School Board, 411 So.2d 245 (Fla. 3d DCA), rev. denied, 418 So.2d 1278 (Fla. 1982).
(6) The school board claims that because it was a self-insurer with liability insurance only for liability in excess of $100,000, Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002 (Fla. 1986) should be narrowly construed and that the waiver in section 286.28, Florida Statutes, should apply only where there is insurance coverage from the first dollar of liability. We do not agree; otherwise the insurance coverage would normally never be available to an injured person.[1]
*1054 (7) The school superintendent was not a mere agent or employee of the school board improperly joined as a defendant. He was properly sued as an agency separate from the school board. See Hollis v. School Board of Leon County, 384 So.2d 661 (Fla. 1st DCA 1980).
Because we write only the above, it should not be assumed that we have overlooked any of the numerous authorities and arguments urged on this appeal, all of which we have considered.
AFFIRMED.
COBB, COWART and DANIEL, JJ., concur.
NOTES
[1] The legislature has repealed section 286.28, which is the basis of the supreme court's finding of waiver in Avallone, in favor of a new section 768.28(5), which states that "the state or agency or subdivision thereof shall not be deemed to have waived any defense of sovereign immunity or to have increased the limits of its liability as a result of its obtaining insurance coverage for tortious acts in excess of the $100,000 or $200,000 waiver provided above." These statutory changes were not applicable in this case.