573 So.2d 130 (1991)
Krystal DUYSER, a Minor, by Her Parents, Diana DUYSER and Gregg Duyser and Diana Duyser and Gregg Duyser, Individually, Appellants,
v.
The SCHOOL BOARD OF BROWARD COUNTY, Florida and George Robert Smith, Appellees.
No. 90-2379.
District Court of Appeal of Florida, Fourth District.
January 9, 1991.
*131 Ralph P. Ezzo of the Law Office of Ralph P. Ezzo, P.A., Miami, for appellants.
Richard McDuff and Michael T. Burke of Johnson, Anselmo, Murdoch, Burke & George, Fort Lauderdale, and Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee-The School Bd. of Broward County.

FASTRACK APPEAL
PER CURIAM.
The essence of the second amended complaint was that the school board should have known that its employee and music teacher, George Robert Smith, was a member of a satanic cult and had performed satanic acts on his students including sexual abuses and sexual batteries. There is no allegation that the school board had any actual knowledge of his beliefs or his propensities. The trial judge dismissed the complaint and we affirm.
The victim contends that the school board is not immunized from liability for the acts of the teacher. Section 768.28(9)(a), Florida Statutes (1989) provides the pertinent statutory authority to the effect that a governmental entity is liable for all torts, negligent and intentional, committed by an employee, unless committed outside the course and scope of employment or unless the employee was acting in bad faith, or with a malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property. For example, in Richardson v. City of Pompano Beach, 511 So.2d 1121 (Fla. 4th DCA 1987), rev. denied, 519 So.2d 986 (Fla. 1988), the sovereign was not immunized from liability for the intentional tort (assault and battery) of a police officer committed during an arrest. To avoid liability, there must be conduct much more reprehensible and unacceptable than a mere intentional tort.
By the same token, excessive force by a police officer affecting an arrest will not immunize the sovereign from liability, Hennagan v. Department of Highway Safety and Motor Vehicles, 467 So.2d 748 (Fla. 1st DCA 1985). A school board, however, was found immune from liability where a teacher assaulted and battered a student with malicious purpose, Willis v. Dade County School Board, 411 So.2d 245 (Fla. 3d DCA), rev. denied, 418 So.2d 1278 (Fla. 1982). Despite the foregoing, a school board was not immunized from liability where teachers improperly supervised a football drill. Leahy v. School Board of Hernando County, 450 So.2d 883 (Fla. 5th DCA 1984). The school board was also held to be responsible for controlling and supervising students on campus. In Bryant v. School Board of Duval County, 399 So.2d 417 (Fla. 1st DCA 1981), modified, 417 So.2d 658 (Fla. 1982), liability existed where there was knowledge of injuries resulting from hazing and the failure to supervise hazing. In all those cases, the purpose of the acts seems to be the decisive factor.
Sub judice, there was no prior knowledge by the school board officials of the teacher's satanic beliefs or deviant sexual behavior. Nevertheless, a government entity might still be liable if the conduct is of the same general nature as that authorized or incidental to the conduct authorized. We believe satanic rituals are definitely not authorized or incidental to authorized conduct. More importantly, the complaint admitted *132 that the teacher acted in a manner exhibiting wanton and willful disregard for human life. The purpose of his acts was clearly self-serving, in bad faith and outside any conceivable course and scope of employment so as to immunize the school board from liability under section 768.28(9)(a).
AFFIRMED.
LETTS, GUNTHER and STONE, JJ., concur.