Alan Dale BECK, Plaintiff–Appellant,

v.

INTERSTATE BRANDS
CORPORATION, Defendant–Appellee.

No. 91–8384
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 31, 1992.

Ronald S. Iddins, Jr., Columbus, Ga., for
plaintiff-appellant.

Thomas Milton Jones, Columbus, Ga.,
William R. Corbett, C.V. Stelzenmuller,
Burr & Forman, Birmingham, Ala., for de-
fendant-appellee.

Before KRAVITCH, EDMONDSON and
DUBINA, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Alan Dale Beck originally sued his former employer, defendant-appellee Interstate Brands, in the Superior Court of Muscogee County, Georgia. The case was removed to the District Court for the Middle District of Georgia, which granted Interstate Brands' motion to dismiss for failure to state a claim upon which relief can be granted. We AFFIRM.

Beck was employed with Interstate Brands for approximately sixteen years before he took a leave of absence in late 1989 as a result of AIDS-related health problems. In compliance with the employer's policies regarding return to work, on June 14, 1990, Beck requested to return. The employer refused.

In count one of his complaint, Beck alleges this refusal violated the Georgia Equal Employment for the Handicapped Code ("EEHC"), O.C.G.A. § 34–6A–1, *et seq.* The EEHC provides for a 180–day limitations period. Beck's complaint was filed on December 13, 1990, 182 days after the refusal on June 14, 1990. Count one was thus properly dismissed because it was time barred.

Count two of the complaint apparently attempts to state a claim for the tort of invasion of privacy, yet there are no facts to back this claim outside count four's allegation that the employer "published information regarding the dread nature" of AIDS. Although the court must take the allegations of the complaint as true when reviewing motions to dismiss, *Walker Process Equip. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 174–75, 86 S.Ct. 347, 348–49, 15 L.Ed.2d 247 (1965), we are not permitted to read into the complaint facts that are not there. The complaint does not state that Interstate Brands published information about Beck or Beck's AIDS status. In the absence of information supporting the invasion of privacy claim (or even a reasonable inference of same), this count was also properly dismissed; count four is dismissed for the same reasons.

Count three charges that the employer "intentionally or with willful and reckless disregard caused Plaintiff severe emotional distress and anguish." To constitute intentional infliction of emotional distress, a defendant's actions must be "so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff." *Georgia Power Co. v. Johnson,* 155 Ga.App. 862, 274 S.E.2d 17, 18 (1980). If directed at allegedly wrongful discharge, this claim must fail because Georgia law does not recognize wrongful discharge of at-will employees.* *See Ray v. Edwards,* 557 F.Supp. 664 (N.D.Ga.1982), *modified on other grounds,* 725 F.2d 655 (11th Cir. 1984) (no intentional infliction of emotional distress based on conspiracy to terminate employee because employer may, without liability, discharge at-will employee with or without cause and regardless of motives). Even if the employee is not terminable at will, discharge for an improper reason does not constitute the egregious kind of conduct on which a claim of intentional infliction of emotional distress can be based. *See Suber v. Bulloch County Bd. of Educ.,* 722 F.Supp. 736, 744 (S.D.Ga.1989). Nothing in the complaint suggests Beck was subjected to anything like the extreme vindictiveness, abuse and threats inflicted upon the employee in *Anderson v. Chatham,* 190 Ga.App. 559, 379 S.E.2d 793, 799 (1989). *Cf. Moses v. Prudential Ins. Co. of America,* 187 Ga.App. 222, 369 S.E.2d 541, 542–544 (1988) (summary judgment in favor of former employer upheld despite employer's threats left on plaintiff-employee's answering machine).

If directed at the "published information," the claim also fails. Information about AIDS, disturbing as it is, is necessarily published all the time. Such an activity can hardly sustain a claim for intentional infliction of emotional distress.

The district court is AFFIRMED.

---

* No information indicates Beck was other than an at-will employee.