**Michelle BATTISTA, f/k/a Michelle Brinson, Plaintiff,**

**v.**

**Lee CANNON, Sheriff of Pasco County, Florida, Defendant.**

**No. 96–688–CIV–T–17(A).**

United States District Court,
M.D. Florida,
Tampa Division.

July 24, 1996.

Craig A. Laporte, Riley, Proly & Laporte, Port Richey, FL, for Michelle Battista.

Keith C. Tischler, Powers, Quaschnick, Tischler & Evans, Tallahassee, FL, for Lee Cannon.

### ORDER DENYING MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

This cause comes before the Court for consideration of Defendant, Lee Cannon's, motion to dismiss the Plaintiff's complaint (Docket No. 4), filed April 29, 1996, and Plaintiff's response in opposition thereto, filed May 17, 1996 (Docket No. 10). Defendant asserts that the complaint fails to state claims upon which relief can be granted.

### I. FACTUAL BACKGROUND

The complaint alleges that on June 11, 1994, Deputy Phillip Wayne Armstrong, who was employed by the Defendant, Lee Cannon, Sheriff of Pasco County, stopped the Plaintiff for a traffic infraction. The Plaintiff alleges that she was detained, placed in official custody, and transported in a marked patrol car toward the Pasco County Detention Center. The Plaintiff further alleges that Armstrong threatened to charge her and put her in jail if she did not engage in sexual intercourse with him. The complaint alleges that Armstrong then proceeded to sexually batter the Plaintiff.

The Plaintiff has alleged that the Defendant, as the Sheriff of Pasco County, knew at least six (6) months prior to this alleged incident that Deputy Armstrong had engaged in similar conduct with other female motorists. The Plaintiff alleges that although the Defendant had knowledge of these prior incidents where Armstrong offered female motorists the opportunity to engage in sexual intercourse in order to avoid traffic citations and/or jail, the Defendant never investigated the alleged incidents and did not take any action against Armstrong.

The Plaintiff further alleged in her complaint that the Defendant did not have any policies or procedures related to the detention, arrest, or transportation of females by male Deputies.

The complaint in this action contains the following causes of action against Defendant Cannon: Count I—Action for Sheriff's violation of Plaintiff's Constitutional Rights under 42 U.S.C. § 1983, Count II—Negligent Retention, and Count III—Negligent Supervision.

### II. STANDARD OF REVIEW

 A complaint should not be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). When reviewing a motion to dismiss, the court is required to view the complaint in the light most favorable to the Plaintiff and accept all allegations of the complaint as true. *Colodny v. Iverson, Yoakum, Papiano & Hatch,* 838 F.Supp. 572 (M.D.Fla.1993) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Although the Court must take the allegations in the complaint as true when reviewing the motion to dismiss, it is not permitted to read into the complaint facts that are not there. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 2944–45, 92 L.Ed.2d 209 (1986); *Beck v. Interstate Brands Corp.,* 953 F.2d 1275, 1276 (11th Cir.1992).

### III. FEDERAL CLAIMS

A. COLOR OF LAW

 Only two allegations are required to state a cause of action under 42 U.S.C. § 1983. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). *See also, Tillman v. Coley,* 886 F.2d 317, 319 (11th Cir.1989); *Barfield v. Brierton,* 883 F.2d 923, 934 (11th Cir.1989); *Cornelius v. Town of Highland Lake, Alabama,* 880 F.2d 348, 352 (11th Cir.1989).

■ The Defendant argues that Deputy Armstrong was not acting under the color of law when the alleged misconduct occurred. "It is firmly established that a Defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." *West v. Atkins*, 487 U.S. 42, 49–50, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). "Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50, 108 S.Ct. at 2255. If the allegations in the complaint are taken as true, Armstrong abused the position of deputy which was given to him by the State. The complaint alleges that Deputy Armstrong's misconduct occurred while he was on duty, wearing his uniform, driving a marked patrol car, and conducting official business. The complaint clearly alleges that Armstrong used the authority given to him by the State in order to deprive the Plaintiff of her Constitutional rights.

The Defendant is correct in stating that all acts of state employees are not under color of state law, yet the alleged facts in the instant case demonstrate that Armstrong was acting under color of state law. The defendant relies on *Thomas v. Cannon*, 751 F.Supp. 765, 768 (N.D.Ill.1990) which is clearly distinguishable from the instant case. In *Thomas*, the court found that the attempted rape of two girls by a transit worker of the Chicago Transit Authority was not under color of state law because the act was not "even remotely related to the performance of his job." *Id.* at 768. In the instant case, the alleged act occurred during the performance of Armstrong's job and in conjunction with the authority given to him as a result of his position as deputy.

■ This Court finds that the Plaintiff has alleged facts which could be sufficient for a jury to find that Armstrong was acting under the color of state law at the time that the Plaintiff alleges her Constitutional rights were violated. Additionally, the complaint clearly alleges that Defendant Cannon was acting under color of state law at the time of the alleged incident in as much as he was serving in the capacity of Pasco County Sheriff and presiding over the Pasco County Sheriff's Office.

## B. MUNICIPAL LIABILITY

■ A local government official may be sued in his or her official capacity under Section 1983, where the local government may be sued in its own name. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035–36, n. 55, 56 L.Ed.2d 611 (1978). The Supreme Court had held that a local governing body may be sued under 42 U.S.C. § 1983 if its "policy or custom" was "the moving force of the constitutional violation." *Id.* at 694, 98 S.Ct. at 2038. The Eleventh Circuit Court of Appeals has recently stated that "only those officials who have final policymaking authority may render the municipality liable under § 1983." *Hill v. Wayland*, 74 F.3d 1150, 1152 (11th Cir.1996) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). It has been established in Florida that the Sheriff is the policymaker and final authority for his agency. *Lucas v. O'Loughlin*, 831 F.2d 232, 235 (11th Cir. 1987), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1595, 99 L.Ed.2d 909 (1988).

■ "Official policy may be established by the omissions of supervisory officials as well as their affirmative acts." *Avery v. County of Burke*, 660 F.2d 111, 114 (4th Cir.1981). The Supreme Court has also found that Section 1983 liability arises when actions or inactions on the part of the municipality lead to "deliberate indifference." *See, City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir.1992).

■ The Plaintiff has alleged that the Defendant, in his official capacity as Sheriff of the Pasco County Sheriff's Office, had de facto policies, as well as customs, which were the moving force behind the deprivation of her Constitutional rights. If proven, the Defendant's alleged failure to investigate, supervise or discipline Armstrong may be sufficient to constitute liability. *See, Rivas v. Freeman,* 940 F.2d 1491 (11th Cir.1991) (ex-

plaining that a sheriff may be liable for deprivation of Constitutional rights as a result of his failure to train, supervise or discipline his deputies).

## C. EIGHTH AMENDMENT

■ Being that the Plaintiff was not convicted of a crime, and there were no allegations of conduct which constituted punishment, the implementation of the Eighth Amendment is inapplicable. *See, Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The Court hereby strikes all reference to the violation of the Eighth Amendment from the Complaint, having received no objection thereto from the Plaintiff.

## D. FOURTEENTH AMENDMENT

■ A liberty interest which is protected by the Due Process Clause of the Fourteenth Amendment is found in a person's bodily integrity. *Doe v. Taylor Independent School District,* 15 F.3d 443 (5th Cir.1994). In *Doe,* an act of sexual abuse by a state employee was found to have violated that right. *Id.* at 445. Additionally, the *Doe* Court found that supervisory personnel could be found liable for the deprivation of Constitutional rights, if the failure to supervise amounted to a deliberate indifference to the Plaintiff's Constitutional rights. *Id.*

■ The Eleventh Circuit has held that "pre-trial detainees may bring Section 1983 actions to redress violations of their rights under the due process clause of the Fourteenth Amendment ..." *Vineyard v. County of Murray,* 990 F.2d 1207 (11th Cir.1993). The Plaintiff alleges that she was in custody and told that she was going to the Detention Center at the time her rights were violated.

In its motion to dismiss, the Defendant states that the Plaintiff fails to state a cause of action under the Fourteenth Amendment. The Court does not agree and finds that the Plaintiff has a Constitutional right under the Fourteenth Amendment to protect her liberty interest in her bodily integrity. Additionally, the Plaintiff's allegation of being detained by Deputy Armstrong also entitles her

to redress under the Fourteenth Amendment.

As all facts alleged by the Plaintiff must be construed as true, the Court finds that Defendant Cannon is not entitled to dismissal as to Count I. Accordingly, Defendant Cannon's motion to dismiss as to Count I is denied.

## IV. *PENDENT STATE CLAIMS*

■ "A court must find no liability as a matter of law if *either* (a) no duty of care existed, or (b) the doctrine of governmental immunity bars the claim." *Kaisner v. Kolb,* 543 So.2d 732, 734 (Fla.1989).

■ This Court disagrees with the Defendant's assertion that no duty was owed to the Plaintiff regarding Counts II and III. The Florida Supreme Court has found that law enforcement has a duty of care to protect arrestees and detainees from personal harm. *Kaisner v. Kolb,* 543 So.2d 732, 734 (Fla. 1989). When a person is "placed in some sort of custody or detention, he is owed a common law duty of care." *Id.* According to the facts set forth in the complaint, the Plaintiff was owed a duty of care by Armstrong as well as the Pasco County Sheriff's Office.

■ The Defendant also asserts that even if there is a duty owed, liability is barred by sovereign immunity. "The state of Florida has waived sovereign immunity for any act which an individual could be held liable. § 768.28, Fla.Stat. (Supp.1980). On the face of the statute, this waiver does not attempt to distinguish between particular kinds of governmental acts." *Kaisner,* 543 So.2d at 733. The Florida Supreme Court has repeatedly held "that liability may exist when the act of the government or its agent is not discretionary, but operational in nature." *Id.* at 736. *See, Avallone v. Board of County Comm'rs,* 493 So.2d 1002, 1005 (Fla. 1986); *Commercial Carrier v. Indian River County,* 371 So.2d 1010 (Fla.1979). "An 'operational' function ... is one not necessary to or inherent in policy or planning, that merely reflects a secondary decision as to how those policies or plans will be implemented." *Kaisner,* 543 So.2d at 737. In an action for

negligence, a court may review the way that decisions are implemented. *Id.* at 738.

Section 768.28 of the Florida Statutes waives sovereign immunity in certain situations and provides in part that:

> The exclusive remedy for injury or damages suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla.Stat. § 768.28(9)(a) (1986 & Supp.1996).

■ The Supreme Court of Florida has found that Sheriffs are included in "state agencies or subdivisions" under Florida Statutes, Section 768.28. *Beard v. Hambrick,* 396 So.2d 708 (Fla.1981). "A state agency is liable for a wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or agency, if a private person, would be liable to the claimant in accordance with the general laws of the state." *Department of Health and Rehabilitative Services v. McDougall,* 359 So.2d 528, 532 (Fla. 1st D.C.A.1978). There is a duty among private employers who hire, retain, or supervise employees whose negligence or intentional acts in positions of employment can foreseeably cause injuries to third parties. *School Board of Orange County v. Coffey,* 524 So.2d 1052 (Fla. 5th D.C.A.1988) (holding that school superintendent is properly sued as an agency in the negligent retention and supervision of teacher).

■ Florida Courts have held that if an officer commits an intentional act within the scope of employment, the employing agency still remains liable. *See, Morris H. McGhee, II v. Volusia County,* 679 So.2d 729 (Fla. 1996); *Hennagan v. Dept. of Highway Safety and Motor Vehicles,* 467 So.2d 748 (Fla. 1st D.C.A.1985); *Richardson v. City of Pompa-*

*no Beach,* 511 So.2d 1121 (Fla. 4th D.C.A. 1987), *rev. denied,* 519 So.2d 986 (Fla.1988). The fact that a deputy "may have intentionally abused his office does not in itself shield the sheriff from liability." *McGhee,* 679 So.2d at 733. It is up to the fact-finder to determine whether bad faith, malicious purpose, or willful or wanton disregard of human rights, safety, or property was present. *Id.*

■ The Plaintiff has alleged facts in the complaint that relate to the operational function of the Pasco County Sheriff's office and the implementation of policies already in effect. The complaint alleges facts which refer to the actual operation of the Sheriff's office. *See, White v. County of Palm Beach,* 404 So.2d 123 (Fla. 4th D.C.A.1981) (stating that conduct involving the actual operation of a jail is not protected by sovereign immunity). According to the facts alleged in the complaint, which address the operational function of the Pasco County Sheriff's Office, Counts II and III of the complaint have been waived of sovereign immunity under Florida Statute § 768.28. Therefore, Defendants motion to dismiss Counts II and III is denied.

The Court having considered the motion, and being otherwise fully advised, it is **OR-DERED** that Defendant's Motion to Dismiss the Complaint (Docket No. 4) be **DENIED.**

**DONE AND ORDERED.**