Mr. Franklin R. Harrison Bay County School Board Attorney Post Office Drawer 1579 Panama City, Florida 32402-1579
Dear Mr. Harrison:
On behalf of the School Board of Bay County, you have asked for my opinion on substantially the following question:
Would a meeting and the minutes of that meeting be exempted from the Government in the Sunshine Law and the Public Records Law if the meeting is conducted by a district school board, relates solely to the purposes identified in section 768.28(15)(c) and (d), Florida Statutes, and is attended by risk management personnel who assist in the administration of the risk management program?
In sum:
Pursuant to section 768.28(15), Florida Statutes, a risk management meeting conducted by a district school board and attended by risk management personnel that relates solely to the evaluation of a tort claim filed with the risk management program, or that relates solely to an offer of compromise of a tort claim filed with the risk management program, is exempt from the provisions of the Government in the Sunshine Law. Further, the minutes of such a meeting or proceeding would be exempt from the Public Records Law until termination of all litigation and settlement of all claims arising out of the same incident.
According to your letter, you are aware that this office issued Attorney General Opinion 92-82, which concludes:
"to the extent that meetings between the city attorney, the city's risk manager, and the city commission are proceedings under the city's risk management program for tort liability which relate solely to the evaluation of a claim filed with the program or an offer of compromise of such a claim, such proceedings are exempt from section 286.011, Florida Statutes, and the minutes of such proceedings as well as the claims files maintained under such program are exempt from disclosure until the termination of the litigation and settlement of claims arising out of the same incident."
You ask whether the attendance at such a meeting of risk management personnel of the school district, in addition to the risk manager, would alter this conclusion.
Section 768.28(15), Florida Statutes, authorizes the state and its agencies and subdivisions to be self-insured, to enter into risk management programs, or to purchase liability insurance, or any combination thereof, in anticipation of any claim, judgment, or claims bill which they may be liable to pay pursuant to section768.28, Florida Statutes.[1] The statute includes several provisions dealing with the confidential treatment of records and meetings relating to risk management programs. Application of this exemption is limited to tort claims for which the agency may be liable under section 768.28(15), Florida Statutes.[2]
Section 768.28(15)(c) and (d), Florida Statutes, states:
"(c) Portions of meetings and proceedings conducted pursuant to any risk management program administered by the state, its agencies, or its subdivisions, which relate solely to the evaluation of claims filed with the risk management program or which relate solely to offers of compromise of claims filed with the risk management program are exempt from the provisions of s.286.011 and s. 24(b), Art. I of the State Constitution. Until termination of all litigation and settlement of all claims arising out of the same incident, persons privy to discussions pertinent to the evaluation of a filed claim shall not be subject to subpoena in any administrative or civil proceeding with regard to the content of those discussions.
(d) Minutes of the meetings and proceedings of any risk management program administered by the state, its agencies, or its subdivisions, which relate solely to the evaluation of claims filed with the risk management program or which relate solely to offers of compromise of claims filed with the risk management program are exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution until termination of all litigation and settlement of all claims arising out of the same incident."
Section 768.28(2), Florida Statutes, defines "state agencies or subdivisions" to include "counties and municipalities[.]" District school boards have been determined to be within the scope of the act.[3]
Government in the Sunshine Law
The language of section 768.28(15)(c), Florida Statutes, limits the application of the exemption from the Sunshine Law to risk management meetings "which relate solely to the evaluation of claims filed with the risk management program or which relate solely to offers of compromise of claims filed with the risk management program[.]" However, unlike statutes such as section286.011(8), Florida Statutes, providing a limited exemption from the Government in the Sunshine Law for meetings to discuss pending litigation, section 768.28(15), Florida Statutes, does not specify the personnel who may attend meetings.
In order to make use of the exemption in section 286.011(8), Florida Statutes, attendance at such a meeting is limited to those persons listed in the statute, i.e., the entity, the entity's attorney, the chief administrative officer of the entity, and a court reporter. Other staff members or consultants are not allowed to attend the closed meeting and the presence at such a meeting of persons not specifically recognized by the statute constitutes a violation of the Sunshine Law.[4] Section 768.28(15)(c), Florida Statutes, contains no such limitation.[5]
In the absence of similar direction from the Legislature with regard to the participants in a risk management meeting or proceeding under section 768.28(15), Florida Statutes, it would appear that personnel of the school district who are involved in the risk management aspect of the tort claim being litigated or settled may attend such meetings without jeopardizing the confidentiality provisions of the statute.
Public Records Law
Section 768.28(15)(d), Florida Statutes, provides a limited exemption from section 119.07(1), Florida Statutes, and s. 24(a), Article I, Florida Constitution, for the minutes of meetings and proceedings of risk management programs. Like subparagraph (c) discussed above, this exemption is limited to the minutes of meetings "which relate solely to the evaluation of claims filed with the risk management program or which relate solely to offers of compromise of claims filed with the risk management program[.]"
By its terms then, this exemption applies to the minutes of meetings relating to tort claims that have been filed and for which the school district may be liable under section 768.28, Florida Statutes, and is only effective "until termination of all litigation and settlement of all claims arising out of the same incident." However, like the exemption in subparagraph (c) discussed above, section 768.28(15)(d), Florida Statutes, focuses on the subject matter of the minutes taken at these meetings rather than on those personnel in attendance.
Thus, it is my opinion that minutes of risk management meetings and proceedings attended by risk management personnel of the district school board would be exempt from the Public Records Law so long as those meetings relate solely to the evaluation of claims filed with the risk management program or relate solely to offers of compromise of claims filed with the risk management program. The exemption from section 119.07(1), Florida Statutes, is effective until termination of all litigation and settlement of all claims arising out of the same incident.
In sum, it is my opinion that pursuant to section 768.28(15), Florida Statutes, a risk management meeting conducted by a district school board and attended by risk management personnel that relates solely to the evaluation of a tort claim filed with the risk management program, or that relates solely to an offer of compromise of a tort claim filed with the risk management program, is exempt from the provisions of the Government in the Sunshine Law. Further, the minutes of such a meeting or proceeding would be exempt from the Public Records Law until termination of all litigation and settlement of all claims arising out of the same incident.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 768.28(15)(a), Fla. Stat.
[2] See, Op. Att'y Gen. Fla. 00-07 (2000), concluding that the records of outside attorney fee bills for the defense of the county for alleged civil rights violations are public records subject to disclosure, even though those records may be maintained by the County Risk Management Office pursuant to the county's risk management program.
[3] Cf., Duyser v. School Board of Broward County,573 So.2d 130 (Fla. 4th DCA 1991); Willis v. Dade County School Board,411 So.2d 245 (Fla. 3d DCA 1982) pet. rev. den., 418 So.2d 1278
(Fla. 1982); Leahy v. School Board of Hernando County,450 So.2d 883 (Fla. 5th DCA 1984).
[4] See, School Board of Duval County v. Florida PublishingCompany, 670 So.2d 99 (Fla. 1st DCA 1996); Zorc v. City of VeroBeach, 722 So.2d 891 (Fla. 4th DCA 1998); Op. Att'y Gen. Fla. 95-06 (1995).
[5] Compare, s. 286.301, Fla. Stat., creating a limited exemption from the Government in the Sunshine Law and the Public Records Law information relating to security systems for property owned or leased to the state or any of its political subdivisions; and Op. Att'y Gen. Fla. 93-86 (1993), which discusses this statute and its application to the John and Mable Ringling Museum of Art.