[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10510
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-04517-MHC

IRAN DWAYNE KETCHUP,

Plaintiff-Appellant,

versus

WILLIAM BARR,
U.S. Attorney General of the United States of America,
D. J. HARMON,
(Deceased), past Warden of U.S. Penitentiary Atlanta,
W. MACKELBURG,
past Acting Warden of U.S. Penitentiary Atlanta,
D. BAYSORE,
past Acting Warden of U.S. Penitentiary Atlanta,
ANALYTICAL ENVIRONMENTAL SERVICES, INC.,
Federal Government Contractor,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 3, 2021)

Before WILSON, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Iran Dwayne Ketchup, a federal prisoner proceeding pro se, appeals the sua sponte dismissal without prejudice of his civil rights complaint for failure to state a claim. On appeal, Ketchup argues that he alleged cognizable constitutional claims and that the district court failed to review his deliberate indifference claim. After careful review, we affirm.

We review de novo a sua sponte dismissal for failure to state a viable claim under 28 U.S.C. § 1915A. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). These dismissals are governed by the same standards we apply to dismissals for failure to state a viable claim under Federal Rule of Civil Procedure 12(b)(6), and, like in those cases, we view the allegations in the complaint as true. Jones v. Bock, 549 U.S. 199, 214-15 (2007) (discussing the standards that apply to sua sponte dismissals, including dismissals under 28 U.S.C. § 1915A(b)(1), in the context of Rule 12(b)(6) dismissals). Pro se pleadings are liberally construed. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Section 1915A of the Prison Litigation Reform Act ("PLRA") provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court is to identify cognizable claims, or

2

dismiss the complaint or portions thereof that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). Additionally, a district court shall dismiss an in forma pauperis action at any time if the court determines that the action fails to state a claim on which relief may be granted. Id. § 1915(e)(2)(B)(ii).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted); id. at 680-84 (noting that a viable complaint alleges facts sufficient to move claims across the line from conceivable to plausible). Factual allegations must be enough to raise a right to relief above the speculative level, and conclusory allegations that are just a formulaic recitation of the elements of a constitutional claim will not be assumed true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). A court cannot "read into the complaint facts that are not there." Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized an implied cause of action for damages against federal officials based on a violation of a federal constitutional

3

right.  Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001).  To state a claim for relief under Bivens, a plaintiff must show that he was deprived of a constitutional right by a federal official.  Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).  The United States and its agencies are not proper defendants in a Bivens action.  See F.D.I.C. v. Meyer, 510 U.S. 471, 484-85 (1994).

Under the Federal Tort Claims Act ("FTCA"), however, the United States is the only proper defendant.  See 28 U.S.C. § 2679(a), (d)(1).  To state a claim under the FTCA, a plaintiff must allege a violation of state tort law by an employee of the federal government acting within the scope of his employment that resulted in, inter alia, personal injury.  Zelaya v. United States, 781 F.3d 1315, 1323-24 (11th Cir. 2015); 28 U.S.C. § 1346(b)(1).  The FTCA expressly excludes contractors with the United States from its definition of federal agencies.  28 U.S.C. § 2671.  We've held that, for constitutional claims, 42 U.S.C. § 1997e(e) bars prisoners from seeking compensatory damages absent a showing of "more than de minimis" physical injury but does not bar nominal damages.  Brooks v. Warden, 800 F.3d 1295, 1307-08 (11th Cir. 2015).  We've also recently held that punitive damages may be recovered for constitutional violations without a showing of compensable injury.  Hoever v. Marks, 993 F.3d 1353, 1361 (11th Cir. 2021) (en banc).

Under the Safe Drinking Water Act ("SDWA"), a citizen may bring a suit on his own behalf against another person or government agency for violation of the

4

SDWA only when he has given prior notice of his action to the administrator of the SDWA or the Attorney General. 42 U.S.C. § 300j-8(b). The court, in a citizen's civil action under the SDWA, may award costs of litigation or implement a temporary restraining order or preliminary injunction as remedy. Id. § 300j-8(d).

Eighth Amendment claims of cruel and unusual punishment in prison are judged under the deliberate indifference standard. Johnson v. California, 543 U.S. 499, 511 (2005). The Eighth Amendment requires both an objective standard and a subjective standard. LaMarca v. Turner, 995 F.2d 1526, 1535-36 (11th Cir. 1993). To satisfy the subjective component, "a plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Id. (quotation omitted) (holding that there was sufficient evidence to survive summary judgment because complaint alleged that a prison official was aware of the substantial risk of serious harm and that several reasonable measures to reduce the risk were available that the prison official failed to pursue). "Mere knowledge of a substantial risk of serious harm . . . is insufficient to show deliberate indifference." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1583 (11th Cir. 1995). Thus, a plaintiff must produce evidence that, with knowledge of the substantial risk of serious harm, the government official knowingly or recklessly

5

"disregarded that risk by failing to take reasonable measures to abate it." Id. (quotation and brackets omitted).

Under Rule 54(b), a decision that adjudicates fewer than all of the claims presented by the parties does not end the action as to any of the claims or parties until a final judgment is entered that adjudicates all of the claims of the parties. Fed. R. Civ. P. 54(b). A judgment is defined as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).

For starters, the record before us reveals that the district court addressed all of Ketchup's claims. In its order, the district court disposed of each claim -- including his deliberate indifference claims -- as to each defendant based on Ketchup's failure to state a claim and his failure to allege a sufficient physical injury. Because the district court entered a final judgment disposing of the entire complaint and dismissing the action against all the defendants, we are unpersuaded by Ketchup's argument that we lack jurisdiction over his appeal. See 28 U.S.C. § 1291; Fed. R. Civ. P. 54(b).

We also disagree with his argument that the defendants should have been served or made to respond before his complaint was dismissed. Under the PLRA, the district court is permitted to dismiss an IFP complaint at any time for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The district court, therefore, was permitted to apply § 1915(e)(2)(B)(ii) at the time it did in this case.

Nor did the district court err by dismissing Ketchup's complaint for failure to state a claim against any of the named defendants. As for his claims against Analytical Environmental Services, Inc. ("Analytical"), Ketchup alleged no facts to indicate that Analytical was anything other than a private company contracted by the federal government. This means that Analytical cannot be held liable under Bivens or the FTCA because it is not an employee of the federal government or a federal official. Powell, 914 F.2d at 1463; Zelaya, 781 F.3d at 1323-24; 28 U.S.C. § 2671.

To the extent Ketchup sought to raise claims under the SDWA against William Barr, former Attorney General of the United States; D.J. Harmon, the deceased past warden of the United States Penitentiary Atlanta ("USP Atlanta"); and W. Mackelburg, past acting warden of USP Atlanta, these claims fail as well. Among other things, Ketchup did not allege that he met the requirements for filing an individual suit under the SDWA -- namely, that he gave proper notice to the government. 42 U.S.C. § 300j-8(b). It's also worth noting that he would not be authorized to recover damages for any violation of the SDWA. Id. § 300j-8(d). Accordingly, he failed to state a SDWA claim against the defendants.

As for Ketchup's claims under the FTCA against Warden Mackelburg and D. Baysore, past Public Information Officer/Executive Assistant, they do not state a claim either. Notably, Ketchup failed to allege the violation of any state tort law, as

7

required by the FTCA, and instead alleged violations of various federal statutes. Zelaya, 781 F.3d at 1323-24.

As for Ketchup's Eighth Amendment claims, he failed to allege how Barr, as the Attorney General, had any involvement with or knowledge of the contamination of the water system at USP Atlanta. Ketchup claimed that Attorney General Barr should have known of the allegations of the contamination, but without plausible, non-conclusory allegations that Barr both knew of his condition and had the means to cure it, Ketchup's claim fails under the Eighth Amendment. LaMarca, 995 F.2d at 1535-36; see also Iqbal, 556 U.S. at 680-84.

Ketchup similarly did not allege how Baysore, in his role as public information officer, was involved in monitoring the water at USP Atlanta or had the means to prevent the inmates from drinking the water. Again, without an allegation that Baysore knew of the condition and possessed the means to address it or cure it, the Eighth Amendment claim against Baysore does not state a claim either. LaMarca, 995 F.2d at 1535-36.

Finally, Ketchup failed to sufficiently state a claim for relief under the Eighth Amendment against former Wardens Mackelburg and Harmon. As the record reflects, his conclusory allegations were insufficient to support a conclusion that either warden was liable for any alleged harm to him from the water at USP Atlanta. For example, Ketchup did not allege when either Mackelburg or Harmon was acting

8

in the role of warden, instead making identical allegations about their liability during the same time period (November 2018 through February 2019), and failing to provide whether either warden held that position during any relevant period. Nor did Ketchup provide any other information to support his conclusory claim that Mackelburg or Harmon were aware of the water's conditions or its harmful effects on Ketchup or were able to address the issue during the alleged time period. Beck, 953 F.2d at 1276. As a result, his Eighth Amendment claims against them do not state a claim. LaMarca, 995 F.2d at 1535-36; see also Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. Accordingly, Ketchup failed to state a claim against any named defendant under the SDWA, the FTCA, or the Eighth Amendment, and we affirm the district court's sua sponte dismissal of the complaint.

**AFFIRMED**.